## Johnson *vs* Bank U. States.

PET. & SUM.

Case 104.

·ERROR·TO THE FAYETTE CIRCUIT.

*Lex·loci contractus. ·Non est factum. ·Bills of Exchange.*

May 4.

CHIEF JUSTICE ROBERTSON delivered the Opinion of· the Court.

The case stated.

To an action by petition and summons, by the Bank of the United States against *Joel Johnson*, on a· promissory note for $5,000; purporting to have been drawn by the said *Joel* to Richard M. Johnson *"or order, negotia-"ble and payable* in the Bank of Washington, District *"of Columbia,"* and finally·endorsed to the plaintiff, the defendant filed a special plea of *non est factum,* averring that the note was drawn and delivered by him to the said *Richard,·*in the City of Washington, without the words *"or order"* in it, and that afterwards the said *Richard,·* without his knowledge or consent, but at the instance of certain· officers of the said ·Bank of the United States, altered it· by interlining those words, and that before that interlineation, the said note was not negotiable.

The Circuit Judge having sustained a demurrer to that plea; the principal·question presented for revision is, whether the facts pleaded constitute a legal bar to the action.

The law of the place·of the contract determines its legal obligation.

According to the plea, the city of *Washington* was the place of the contract as well as ·of ·payment, and therefore the local law of the *District of Columbia*·must determine the legal obligation of the note upon the facts as averred. And of that law we have no judicial knowledge; for, although· *Congress* legislates for the *District of Columbia,* yet that legislation is altogether local; and moreover some of the ancient laws of Maryland and Virginia, equally local, are also still in force there.

The mercantile ·common law of England and the statute of *Anne,* as to the nego-tiability of prom-

In the absence however, of sufficient proof to the contrary, we may presume that the mercantile branch of the modern common law of England, and perhaps the statute of *Anne,* as to the negotiability of certain prom-

issory notes, were in force in the District of *Columbia*, and constitute the law of this case.

Ever since *Pigot's* case, (*Coke*) it has been the settled doctrine of the common law that any alteration in a *deed*, whether material or immaterial, if made by one party to it without the concurrence or authority of the other party, will avoid the deed and sustain a plea of *non est factum*: 1st, because the alteration must affect the question of identity, and 2d, because such an unauthorized act of a party having the custody of a deed should be construed most strongly against himself, and if legalized, might facilitate injuries and irremediable frauds.

The same conservative principle has been recognized as applicable to bills of exchange and promissory notes. In *Masters et al.* vs *Miller* (4th Term Rep. 320) *Kenyon Ch. Jus. and Ashhurst Jus.* said that the reason of the common law as to alterations of deeds by parties thereto, was equally applicable to mercantile paper, and that it should even be more strictly applied to such paper, because, circulating from hand, it should therefore be the more scrupulously guarded against alteration; and this seems still to be a leading and authoritative case in England.

And although in *Sanderson et al.* vs *Symonds* (*Brod. and Bing.* 426, and 5 *Eng. Com. Law Rep.* 134,) the Court recognized an exception as to *policies of insurance*, yet it clearly intimated that even an immaterial alteration by a party, might avoid a promissory note or bill of exchange, according to the settled law of England, as established first in the case of *Masters et al.* vs *Miller.*

The cases in which it has been adjudged in England, that an immaterial alteration of a bill or note does not render it illegal, and that even a material alteration made by all parties for correcting a mistake, will not invalidate as a matter of course, had reference to the stamp acts, and were decided on that ground only. The principle established by these cases, is, that an immaterial alteration did not make an essentially new note which would be void without a new stamp, and that even a material alteration *by all parties for correcting a mistake,*

---

JOHNSON
*vs*
BANK U. S.

issory notes, presumed to be in force in the District of Columbia.

Any alteration in a deed, whether material or immaterial, if made by one party to it without authority of the other, vitiates the deed.

Same principle is applicable to bills of exchange.

The parties to a deed, &c. may correct a mistake therein and make it what it was intended to be.

<div style="margin-note">Johnson<br>vs<br>Bank U. S.</div>

was only making the bill or note what it was originally intended and understood to be, and that therefore the corrected paper was not invalidated by the omission to affix a new stamp: see *Kershaw* vs *Cox* (3 *Espin.* 246,) and *Knill* vs *Williams*, (10 *East.* 432.)

But we have seen no adjudged case in which it was ever decided that an action was maintainable *on a bill or note* against the drawer after even an immaterial alteration by the payer without the drawer's authority. On the contrary the cases (and especially that of *Masters et al* vs *Miller, supra*) negative the assumption that such an altered bill or note is, *as a bill or note*, still obligatory, and they clearly import that if any action be still maintainable, it must be on an *assumpsit implied* by the receipt of a valuable consideration.

<div style="margin-note">The addition of the words *or order* or *bearer* in a promissory note are material.</div>

Then, according to the common law and the statute of *Anne,* as thus expounded and applied, it would not be essential to enquire whether the alledged alteration in this case was material or immaterial, though under that statute the alteration would be deemed material, because it makes negotiable as bills of exchange, only such promissory notes as are, on their face, made expressly payable to "bearer," or to the payer or his "order."

<div style="margin-note">A plea averring that the note sued on had been altered by adding therein the words "or order," and thereby making it negotiable, when before such alteration it was negotiable without the consent of the drawer, is good as a plea of *non est factum.*</div>

If, however, according to the local law of the District of Columbia, an immaterial alteration would not have invalidated the note, the plea avers that the note was not negotiable as executed and delivered to R. M. Johnson, and that, therefore, the interlineation of the words *"or order"* was a very material alteration, and, not judicially knowing that such was not the effect of the local law, we cannot decide that this averment is not true, and so, therefore, admitted to be by the demurrer.

The plea seems, therefore, to be good, unless upon the face of the note the law might imply an authority to R. M. Johnson to make the alteration which was made; but, without knowing the local law of the case, we cannot decide whether there could have been any such implied authority. If the note was, as it purports on its face to be, a real transaction, there was under the statute of *Anne,* (if that were in force in the District of Columbia,) no such implied authority; and it is at least very

questionable whether the law could have implied any such authority even if there should be extraneous proof that the note was drawn as an accommodation paper; but this we cannot now decide for want of a sufficient knowledge of the local law operating on the question.

The plea certainly imports that the alteration was made without the drawer's authority, and we must take that to be true until the contrary shall be made to appear.

It seems to us, therefore, that the facts as pleaded, constitute a *prima facie* bar to the action.

But it has been argued that nevertheless we should not reverse the judgment, because there was a trial on a general plea of *non est factum* filed with the special plea, and under which general plea every fact averred in the special plea might have been proved; and that, therefore, as there is no bill of exceptions showing that the plaintiff in error was not permitted on the trial to prove those facts, we cannot decide that the error in sustaining the demurrer was in fact prejudicial.

But, as the Circuit Judge decided, or must be presumed to have decided, on the demurrer, that the facts pleaded in the special plea were insufficient to bar the action, we should also presume that those same facts were therefore neither offered nor permitted to be proved on the general issue.

It is, therefore, considered that the judgment of the Circuit Court be reversed and the cause remanded with instructions to overrule the demurrer to the special plea of *non est factum*.

*Owsley & Goodloe* for plaintiff; *Hickey* for defendants.

Although a jury trial be had on a general plea of *non est factum*, yet if the Court, on demurrer, rejected a special plea which was good, a new trial should be awarded, the presumption being the facts set out in the special plea were not offered in evidence, or if offered, rejected by the Court.