EDMOND C. RICHMOND v. J. E. CAMPBELL.[1]

February 3, 1898.

Nos. 10,917—(263).

Estate of Decedent—Property Fraudulently Conveyed—Special Administrator—G. S. 1894, § 4483—Right of Action.

A special administrator, appointed under G. S. 1894, § 4483, and whose powers and duties are defined by sections 4484, 4485, and 4486, is not authorized to sue for and recover goods and chattels which may have been fraudulently conveyed by the deceased in his lifetime, although there may be a deficiency of assets to pay his debts.

Appeal by plaintiff, as special administrator of the estate of Reuben A. Richmond, deceased, from an order of the district court for Stearns county, Searle, J., denying his motion for a new trial. Affirmed.

*Welch, Hayne & Hubachek, Geo. H. Reynolds* and *John B. Atwater,* for appellant.

*D. W. Bruckart* and *Calhoun & Bennett,* for respondent.

BUCK, J.

Several questions are raised by the appellant, and the disposition

[1] Reported in 73 N. W. 1099.

of any one of them against him leads to an affirmance of the order of the trial court; hence the only question which we shall discuss is the one involving the right of the special administrator to maintain this action.

Briefly stated, the facts are these: Reuben A. Richmond, the brother of the plaintiff, died intestate, leaving certain personal property, such as is usually kept in a drug store, upon which he had given a chattel mortgage to the defendant, Campbell, for $2,200, for the purchase price of said property. Richmond continued to carry on the business of a druggist after giving such mortgage, selling and replenishing the stock from time to time, but died several months after the mortgage was so given to Campbell, leaving debts to the amount of about $350, without assets to pay the same, except such as were included in the Campbell mortgage. For some unexplained reason there was delay in appointing a general administrator, and thereupon this plaintiff was appointed special administrator of the Richmond estate, and as such he brought this action of replevin to recover all the goods and property so mortgaged, alleging that the same was given by Richmond and taken by Campbell with intent to defraud the creditors of said Richmond, both those then existing and those who should subsequently become so.

The defendant challenges the right of the special administrator to maintain this action. The plaintiff contends that under G. S. 1894, §§ 4506, 4508, 4483, 4484, he has such right. Section 4506 authorizes the executor or general administrator, in case of a deficiency of assets in the hands of such executor or general administrator, to sue for and recover all goods, chattels, rights or credits which have been fraudulently conveyed by the deceased in his lifetime. Section 4508 provides that such executor or administrator may, upon obtaining a license therefor from the probate court, sell such personal property, and the proceeds shall be used in payment of the debts of the deceased, in the same manner as other assets in the hands of the executor or administrator. Section 4483 of said statutes provides for the appointment of a special administrator in cases where there shall be delay in granting letters testamentary or of administration, or when it shall appear to the satisfaction of

the court to be necessary, and no appeal shall be allowed from the appointment of a special administrator. And section 4484 of said statutes further provides as follows:

"Such special administrator shall have power to collect all the goods, chattels and credits of the deceased and to care for, gather and secure crops, and preserve all the property of the deceased for the executor or administrator who may afterwards be appointed, and may for such purposes commence and maintain actions as an administrator; and with leave of the court may lease for a term not exceeding one year the real property of the deceased, and may sell such personal property and do such other things as the court shall direct. Such special administrator shall not be liable to an action by any creditor, or be called upon in any way to pay the debts against the deceased."

The language used in conferring power on the general administrator and that conferred on the special administrator is different. By the terms of section 4506, the administrator or executor may, for the benefit of creditors, sue for and collect all goods, chattels, rights or credits which have been fraudulently conveyed away by the deceased in his lifetime. In this respect he represents creditors, and is especially authorized to sue for their benefit. But the special administrator is not so authorized, and does not represent creditors. While he is authorized to commence and maintain actions, it is only for the purpose of collecting certain personal property, gathering and securing crops, and preserving the property, not for creditors, but for the executor or administrator who may afterwards be appointed; and his power in this respect ceases when letters testamentary or of administration on the estate of the deceased are duly granted. The special administrator is not liable to an action by any creditor, nor can he be called upon in any way to pay the debts against the deceased. We are therefore of the opinion that the special administrator was not authorized to maintain an action of this kind.

Order affirmed.