OLE LARSON v. JOHN K. JOHNSON.

June 3, 1898.

Nos. 11,146—(223).

**Special Administrator—Action to Set Aside Conveyance.**

A special administrator, appointed under the provisions of G. S. 1894, § 4483, cannot maintain an action, as such administrator, to set aside and cancel, together with the record thereof, a deed of conveyance of real estate, made, executed, and delivered to a third party by a decedent in his lifetime.

**Same—Right to Sue—G. S. 1894, § 4484.**

The powers and duties of such an administrator, in respect to maintaining actions, are fixed in express terms in G. S. 1894, § 4484.

Action by one of the special administrators of the estate of Knute Johnson in the district court for Polk county for cancellation of certain deeds. The case was tried before Ives, J., and a jury. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed.

*Ole J. Vaule*, for appellant.

*A. R. Holston*, for respondent.

COLLINS, J.

Under the provisions of G. S. 1894, § 4483, plaintiff and defendant were appointed special administrators of the estate of one Johnson, deceased, father of defendant, pending an appeal from an order of the probate court refusing to allow and admit to probate an alleged last will and testament of the deceased. Thereupon plaintiff, in his capacity of special administrator, and solely as such, brought this action to set aside and cancel two deeds of conveyance, together with the record thereof, which deeds were made, executed, and delivered by the deceased in his lifetime, his wife joining, and by and in which they granted, bargained, sold and conveyed certain tracts of land to the defendant, their son. The grounds alleged for setting aside and canceling these deeds, and the record thereof, were that Johnson was induced to execute the same by means of fraud and misrepresentation on the part of his son, the grantee,

and, further, that he was actually insane at the time. Certain questions of fact were submitted to a jury at the trial, and on the answers thereto and findings, with conclusions of law, made by the court, judgment was ordered, canceling the deeds and the record of the same, as demanded in the complaint.

The appeal is from an order denying defendant's motion for a new trial, and the first and only question which we are required to answer is that raised by the contention that a special administrator has no authority or right as such to bring an action of this nature, and consequently is not entitled to the relief or judgment ordered by the court below.

The question is determined by an examination of G. S. 1894, § 4484, wherein the powers and duties of a special administrator are prescribed, which section must be strictly construed. He is given power to collect the goods, chattels, and credits of the deceased. He is also authorized to care for, gather and secure crops, and it is his duty to preserve all of the property of the deceased for the after-appointed executor or administrator; and, for any or all of these purposes, he is authorized to commence and maintain actions in his administrative capacity. A bare reading of this section, all thereof pertinent here being stated above, precludes any argument in support of the claim that a special administrator has the power to prosecute an action of this character. He is directly authorized to maintain actions for the purpose of collecting goods, chattels, and credits, or which will aid him in caring for, gathering, or securing crops, or in preserving property,—that is, in taking care of and protecting such as is under his control; but here his power ends.

That it was intended that he should not have all of the authority conferred upon an executor or general administrator is evident from subsequent sections of the same chapter, in which other and more important powers and duties are expressly conferred and imposed upon the latter; such, for illustration, as section 4497, whereby an executor or administrator is authorized, by himself or jointly with the heirs or devisees, to maintain an action for the possession of real estate, or for the purpose of quieting title thereto. We have heretofore construed section 4484, in Richmond v. Campbell, 71

Minn. 453, 73 N. W. 1099,—a construction in line with what is now held, although the case on the facts is not in point.

Order reversed, and on remittitur the court below will cause judgment to be entered in defendant's favor.