JOHN W. MERWIN vs. SAMUEL O. MERWIN ET AL.

Third Judicial District, Bridgeport, April Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The action of ejectment is founded upon a wrong or tort, and at common law did not survive the defendant's death.

Section 1012 of the General Statutes (Rev. of 1888) provides for the survival of such an action in case of the plaintiff's death, while § 1369 declares that where the action "has been abated by the defendant's death," the time which elapsed during the pendency of the original action shall be excluded in the computation of time limited "for the bringing of the second action." *Held* that these provisions recognized but did not change the rule of the common law in respect to the defendant; and therefore upon his decease the plaintiff could not substitute his executors and devisees as parties defendant and proceed with the action against them.

Section 1007 of the Revision of 1888 and Chap. 341 of the Public Acts of 1895, relating to the survival of actions generally, do not apply to the action of disseisin.

Argued April 16th—decided June 6th, 1902.

ACTION to recover possession of certain real estate, brought to the Superior Court in New Haven County and referred to the Hon. Edwin B. Gager, as a committee, to hear and report the facts. The defendants filed a remon-

strance to the acceptance of the report, which was overruled (*Shumway, J.*), and thereafter, the original defendants having died, the court (*Robinson, J.*) permitted the plaintiff to substitute other persons as defendants, and to amend his complaint accordingly.

To the amended complaint the substituted defendants demurred, but the court, *Roraback, J.*, adjudged it sufficient and rendered judgment for the plaintiff, from which the defendants appealed for alleged errors in the rulings of the court. *Error, judgment set aside and cause remanded with directions to erase the case from the docket.*

The case is sufficiently stated in the opinion.

*Charles S. Hamilton*, for the appellants (defendants).

*William B. Stoddard* and *Robert C. Stoddard*, for the appellee (plaintiff).

TORRANCE, C. J. This is an action in the nature of ejectment and for the recovery of mesne profits, originally brought against William Merwin and his wife Eliza, in October, 1895. The case was tried before a committee, who found the facts and filed his report in April, 1899. After the report was filed, the defendants remonstrated against its acceptance, the plaintiff demurred to the remonstrance, and the court, sustaining the demurrer, overruled the remonstrance. In March, 1900, the defendants filed a long amendment to the remonstrance, to which the plaintiff filed a demurrer. No action appears to have been taken on the amended remonstrance and demurrer thereto, until November, 1901, when the remonstrance was overruled. In the meantime, however, both of the original defendants had died.

Eliza, the wife, died in May, 1900, leaving by will all her property to her husband, the other defendant, and making him her sole executor, and he qualified and acted as such. He died in October, 1900, leaving all his property by will to his three sons and making two of them his executors, and they qualified and acted as such.

Thereupon, in December, 1900, the plaintiff made a motion to substitute as defendants in the case, in place of the dead defendants, the executors of the husband, and his three sons, individually. The court, against the objection of the counsel who had theretofore acted for the dead defendants, allowed the motion, and thereupon the said executors and sons were duly summoned to appear in the cause and did appear therein on the first Tuesday of January, 1901. The plaintiff amended his writ by striking out the names of the original defendants therein, and in place thereof inserted the names of the sons, as executors, and individually. To the complaint as thus amended the substituted defendants demurred, one of the reasons of demurrer being, in substance that the action could not be sustained as against them individually or as executors. This demurrer the court overruled, and thereupon such proceedings were had that judgment was rendered against them for the recovery of the possession of the premises described in the complaint, and damages and costs.

If the death of the original defendants abated and put an end to the action, and the cause of action against the original defendants did not survive as against the substituted defendants, then it is manifest that the judgment against the latter cannot be sustained. We are of opinion that the court below erred in not sustaining the claim of the substituted defendants upon this point.

At common law every suit, whether founded on contract, or tort, abated by the death of all the plaintiffs or of all the defendants, before judgment. Gould on Pl. (4th ed.), Chap. 5, § 90; *Green* v. *Watkins*, 6 Wheat. 260; *Booth* v. *Northrop*, 27 Conn. 325, 328; *Warren* v. *Furstenheim* (C. C. U. S. West Dist. Tenn.), 1 L. R. A. 40, 41. This rule, however, both in England and in this country, has been practically abrogated by statute with respect to most actions upon contract, and with respect to very many actions founded on torts.

The action of ejectment is one founded upon a wrong, and at common law the cause of action so founded perished with the death of the wrong-doer. If this rule of the common law

has been changed in this State it has been changed by stat-
ute; and the precise question here is whether it has been so
changed. Section 1007 of the General Statutes (Rev. of
1888), provides that "no action to recover damages for in-
jury to the person, reputation, or property of the plaintiff, or
to the person of his wife, child, or servant, shall abate by
reason of his death," and that his executor or administrator
may enter and prosecute the same in the same manner as is pro-
vided by law in other actions; and chapter 341 of the Public
Acts of 1895 provides as follows: "When an action shall have
been commenced to recover damages for an injury to the per-
son, whether the same result in death or not; or for damages
for the conversion of goods; or for damages done to real or
personal estate; or to recover for an injury to the person of
the wife, child, or servant of the plaintiff, such action shall
not abate by reason of the death of the defendant, but the
plaintiff or his executor or administrator may have a writ
of *scire facias* against the executor or administrator of such
deceased defendant to show cause why judgment should not
be rendered against him," which, being duly served and re-
turned, "the action shall proceed to final issue."

Neither of these statutes covers the action of ejectment.
That action is provided for elsewhere in the statutes. In
1848, the legislature passed the following Act: "No action
of disseisin shall abate by reason of the death of the plaintiff,
but the executor or administrator may enter and prosecute
the action, in the same manner as is by law provided in regard
to other actions, and recover judgment, if the action be sus-
tained, for the benefit of those entitled to the estate. Sec. 2.
When the defendant in an action of disseisin, pending in any
court, shall die, . . . and the plaintiff shall bring a new ac-
tion for the recovery of the same matter or premises, to which
new action the statute of limitations shall be pleaded or offered
in evidence, the time which may have elapsed from the com-
mencement of the first action to the abatement of the same,
as aforesaid, shall be excluded in the computation of the time
limited by law for the commencement of such new action."
These two sections have remained upon the statute book ever

since, and were first separated in the Revision of 1875, appearing there respectively as § 12, page 422, and § 2, page 494. In the Revision of 1888 they appear as §§ 1012 and 1369 respectively.

This legislation, in providing expressly for the survival of such action in case of the plaintiff's death, in failing to provide for the survival of such actions in case of the defendant's death, and in the latter case in extending the time for the bringing of a new action against a new wrong-doer, clearly recognizes the fact that in an action of ejectment the original cause of action against the wrong-doer dies with him, that the action brought against him is at an end, and that the cause of action against him no longer exists.

For these reasons we think this action abated on the death of the husband defendant, and could not be revived against the present parties defendant.

In this view of the case it is unnecessary to consider the other numerous questions made in the case.

There is error, the judgment of the court below is set aside, and the cause is remanded with directions that the case be erased from the docket.

In this opinion the other judges concurred.