CASE 38—ACTION BY JOHN MURRAY'S ADMINISTRATRIX AGAINST THE LOUISVILLE AND NASHVILLE RAILROAD COMPANY FOR THE NEGLIGENT DEATH OF HER INTESTATE.—November 13, 1908.

# Murray's Admx. v. Louisville & N. R. R. Co.

.Appeal from Warren Circuit Court.

·JOHN M. GALLOWAY, Circuit Judge.

Judgment for defendant. Plaintiff appeals.—Affirmed.

1. Master and Servant—Injuries to Servant—Negligence—Evidence.—In an action against a railroad for death of an engineer in a collision between the locomotive, which decedent was running in obedience to his orders, and certain cars, evidence that the cars with which decedent's locomotive collided were on the track was prima facie sufficient to show negligence on defendant's part in not furnishing decedent a safe place to work.

2. Death—Actions for Causing Death.—At common law a cause of action for an injury to the person died with the person, and no action could be maintained to recover for death, and, since it would be presumed that the common law was in force in Tennessee, an action could not be maintained in Kentucky to recover for the death of one in Tennessee without proof that the law of such state gave each right of action.

3. Evidence—Presumptions—Laws of Foreign State.—While it is presumed that the common law prevails in a sister state, it is not presumed that the statutes of such state are the same as the statutes of the state of the forum.

J. G. COVINGTON, G. H. HERDMAN, and R. L. GREENE of counsel.

B. F. PROCTER for appellant.

Murray's Admx. v. Louisville & N. R. R. Co.

## SUMMARY AND AUTHORITIES.

1. Negligence is presumed in case of collision. (L. & N. R. R. Co. v. Davis, S. W. 71-658; F. & V. T. Co. vs. Hulette, S. W. 106-1193.)

2. In case of death of employe the burden of proof is on the master to disprove negligence. (L. C. C. M. Co. vs. Stephen's Admr., S. W. 47-321.)

3. The foreign law, if relied upon governs, otherwise the law of the forum. (C. & N. Ry. Co. vs. Venable, S. W. 63-35; Brimhall vs. VanCampen, 8 Minn. 13 (82 Am. Dec. 118).)

4. A foreign law is enforced as an act of comity. This will not be done if inadequate or unjust to a citizen of the forum, though pleaded. (Wooden vs. W. N. Y. & P. R. Co., N. E. R. 26-105; I. C. R. R. Co. vs. Jordon, S. W. 78-426; L. & N. R. R. Co. vs. Withlow's Admr., S. W. 43-711; Williams vs. Haynes, Iowa 27-251; Story's Conflict of Laws, Sections 33 and 34; L. & N. R. R. Co. vs. Collins, 2 Duvall, 14; L. & N. R. R. Co. vs. Dillard, S. W. 86-313; L. & N. R. R. Co. vs. Edmond's Admr., S. W. 64-727; L. & N. R. R. Co. vs. Ewing's Admrx., S. W. 78-460.)

BENJAMIN D. WARFIELD for appellee.

### POINTS DISCUSSED AND AUTHORITIES CITED.

1. The trial court properly instructed the jury to find for the defendant, because:

(a) The decedent lost his life in Tennessee. The plaintiff neither alleged nor proved that there was any statute of that state modifying or altering the common law rule actio personalis moritur cum personam. The Kentucky statute on that subject has no extra territorial operation. In the absence of averment and proof that the cause of action which Murray would have had, had he lived, was made to survive upon his death by statute of Tennessee, the presumption is that the cause of action died with him. It was necessary in order to authorize a recovery by virtue of the Tennessee statute for the plaintiff both to allege and prove such statute. In failing to so allege the petition failed to state a cause of action. (L. & N. R. R. Co. v. Pointer's Admr., 113 Ky. 952; Com. v. Finn, 120 Ky. 368; Jackson v. P. R. Co., 140 Ind. 240; Thomas v. Bruce, &c., 20 Ky. Law Rep. 1818; Cason's Admr. v. C. & C. E. R. T. & B. Co., 30 Ky. Law Rep. 352, 98 S. W. 304; Kahl v. M. & C. R. Co., 10 So. 662.) Defendant was also entitled to the peremptory instruction because

plaintiff failed to prove, as well as failed to allege, a right to recover under law of Tennessee.

C. & N. R. Co. v. Venable, 111 Ky. 41, and I. C. R. Co. v. Jordan, 78 S. W. 426, have no application, as those cases were common law actions for injuries not resulting in death.

(b) Because, even if this case could have been tried on its merits, in the absence as to averment and proof as to the Tennessee statute, from the testimony presented to them the jury could have done no more than guess as to whether Murray lost his life from a cause for which the defendant would be liable, or from a cause for which it would not be liable. It is the settled law of this court that where the evidence is equally consistent with the existence or non-existence of negligence, that it is not competent for the court to submit the case to the jury to guess away defendant's rights. ( Louisville Gas Co. v. Kaufman, Straus & Co., 105 Ky. 131; Hughes' Admr. v. L. & N. R. R. Co., 23 Ky. Law Rep. 2289; Hurt v. L. & N. R. Co., 116 Ky. 553; Dana & Co. v. Blackburn, 28 Ky. Law Rep. 697; Groves v. L. & N. R. Co., 29 Ky. Law Rep. 727.)

2. It was the correct practice for the defendant to take advantage of the failure of the petition to state a cause of action by making a motion for a peremptory instruction on that ground, and the court ruled correctly in sustaining such motion, his attention having been called to the condition of the pleadings on such motion. (L & N. R. Co. v. Copas, 59 Ky. 460; Gore v. I. C. R. Co., 17 Ky. Law Rep. 799; L. & N. R. Co. v. Schweitzer's Admr., 14 Ky. Law Rep. 855; White's Admr. v. L. & N. R. Co., 15 Ky. Law Rep. 49; L. & N. R. Co. v. Mayfield, 18 Ky. Law Rep. 224; I. C. R. Co. v. Nall, 21 Ky. Law Rep. 281; Brooks v. L. & N. R. Co., 24 Ky. Law Rep. 1318; Master, Crowell & Kirkpatrick v. Lehman, 100 Ky. 464; Abbott's Trial Brief, pp. 72, 77, 378; Mills v. Knapp, 39 Fed. 592; Milhollin v. Fuller, 27 N. E. 112; Knowles v. Norfolk S. R. Co., 9 S. E. 7; Jackson v. Jackson, 11 S. W. 175; Ryan v. Fulghum, 22 S. E. 940; Kime v. Jesse, 72 N. W. 1050; Hay v. Williams, 8 Ky. Law Rep. 434.)

3. Cases cited and relied on by appellant examined and found not to apply to this case.

4. Rogers' Admr. v. C. & C. E. R. T. & B. Co., 102 S. W. 336 distinguished.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming

John Murray was a locomotive engineer in the service of the Louisville & Nashville Railroad Company

pulling a train southward from Bowling Green. While
he was running under orders, he came suddenly, in
the night, upon some cars standing on the main track.
A collision ensued, in which he was killed instantly,
in the state of Tennessee. This suit was brought in
the Warren circuit court by his administratrix to
recover for his death. There was no averment in the
pleadings of the plaintiff or of the defendant as to
what the law of Tennessee is, and no proof was intro-
duced on the trial by either party on the subject. At
the conclusion of the evidence, the court instructed the
jury peremptorily to find for the defendant. This
was done, and, the plaintiff's petition having been
dismissed, she appeals.

The proof on the trial showed that the cars in
question had been placed on a side track, but that the
side track sloped toward the point where the cars were
found, and that in some way the cars had started and
run out of the siding down on the main track, where
they were when Murray's train ran into them. The
fact that the cars were on the track is sufficient to make
out for Murray a prima facie case of negligence on the
part of the master, as he was running in obedience to
his orders, and manifestly the master did not furnish
him a safe place to work. The facts shown therefore
were sufficient to take the case to the jury, if it had not
appeared that the accident took place in Tennessee. In
Thompson on Negligence, section 6991, the rule is thus
stated: "The law of the place of the injury controls in
an action for wrongful death, and the right to recover
and the amount of the recovery are governed by the
lex loci, and not by the lex fori. These statutes have
no extraterritorial effect. If the death of the deceased
and the act which caused it occurred beyond the terri-
torial limits of the state where the suit is brought, an

action for wrongful death will not lie under the statute of that state, whether such act and death took place in another state or upon the high seas. It does not alter the case in this respect that both parties were citizens of the state where suit is brought, or that the wrong-doer was a corporation chartered by that state, or that the injury was occasioned by negligence which was a breach of a contract entered into in that state, or that the corporation whose wrongful act inflicted the injury was chartered both in the state where the death occurred and in the state where the suit was brought, or that the person injured was brought into the state before his deah, and there died.'' See, to same effect, 8 Cyc. 885; 13 Cyc. 314; Wharton on Conflict of Laws, section 480d.

Murray was instantly killed. Here the whole matter occurred in Tennessee. Until the contrary is alleged and proved, the courts of this state will presume that the common law is yet in force in a sister state. Cope v. Daniel, 9 Dana, 415; Johnson v Bank of U. S., 2 B. Mon. 310; Miles v. Collins, 1 Metc. 311; Honore v. Hutchings, 8 Bush, 692. At common law the cause of action for an injury to the person died with the person, and no action could be maintained to recover for death. Eden v. Lexington and Frankfort R. R. Co., 14 B. Mon. 204. As it must be presumed that the common law is still in force in Tennessee, and as no right of action existed at common law to recover for the death of a person, and as Murray was killed in Tennessee, where under the record it must be presumed that the common law is still in force, it follows that the circuit court properly held that no action could be maintained in Kentucky to recover for his death without proof of what the law in Tennessee is. It is true that since the passage of Lord Campbell's act in England, stat-

utes have been passed in this country in nearly all of
the states, allowing a right of action in such cases.
These statutes differ very much in their terms. As
to who are fellow servants or to whom the recovery
shall go, or by whom the action may be maintained, or
what is necessary to be shown to entitle the plaintiff
to recover, the rules differ very much in the different
states. The court therefore cannot intelligently pro-
ceed in such a case as this, unless it knows the
statute of the state regulating the matter.

It is insisted that it should be presumed, in the
absence of proof to the contrary, that the statute of
another state is the same as the statute of this state,
and that, as the plaintiff may recover under the laws
of this state on the facts shown, it should be presumed
that he might recover under the laws of Tennessee. It
is said that this court so laid down the rule in Chesa-
peake, etc., R. R. Co. v. Venable, 111 Ky. 41, 63 S. W.
35, 23 Ky. L. R. 427, but in that case Venable was not
killed. That was an action which might be maintained
at common law. In this case the plaintiff has no right
of action at common law, and can only sue by virtue
of a statute. The Kentucky Statutes have no extrater-
ritorial effect, and therefore do not apply to the case.
While it is presumed that the common law prevails in
a sister state, it is not presumed that the statutes of a
sister state are the same as the statutes of this state.
To so hold would be to require us to presume that the
Legislature of other states meets at the same time as
the Legislature of Kentucky, and changes the laws of
those states simultaneously with the changes that are
made in Kentucky. Judicial presumption rests on the
truth as shown by the usual course of things, but they
are not indulged as to matters which cannot possibly
be true. Moss v. Rowland, 3 Bush, 505; Klenke v.

Noonan, 118 Ky. 436, 81 S. W. 241; Arnett v. Pinson (Ky.) 108 S. W. 853; Wharton on Conflict of Laws, section 781c.

Judgment affirmed. Petition for rehearing by appellant overruled.