ROBERT ORR vs. JOHN J. AHERN, ADMINISTRATOR.

First Judicial District, Hartford, October Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

A tort committed in one State creates a right of action that may be sued upon in another unless its public policy forbids.

The law of the place where a tort is committed determines the existence of the cause of action; the law of the forum determines the remedy.

Section 6177 of the General Statutes provides, in part, that "no cause or right of action shall be lost or destroyed by the death of any person, but shall survive in favor of or against the executor or administrator of such deceased person." *Held* that this portion of the statute relates to substantive rights, and not merely to remedies, and can, therefore, have no effect upon a cause of action which has accrued under the law of another State; and that, accordingly, a resident of Connecticut who sustains personal injuries through the alleged negligence of another occurring in New York, where the common-law rule that such a cause of action abates upon the death of the wrong-doer has not been modified by statute, cannot, after the death of such other, maintain an action against his personal representative in the courts of this State.

Section 6177 further provides that "no civil action or proceeding shall abate by reason of the death of any party thereto, but may be continued by or against the executor or administrator of such decedent." *Held* that this portion of the statute relates to remedies only; and that when the courts of this State have once assumed jurisdiction over a right of action accruing in another State, while that right is still in existence, such jurisdiction cannot be defeated by the death of either party during the pendency of the suit or by any subsequent legislative or judicial action taken by such other State.

Argued October 4th, 1927—decided January 6th, 1928.

ACTION to recover damages for personal injuries to the plaintiff, alleged to have been caused by the negli-

gence of the defendant's intestate, brought to the Superior Court in Hartford County, where the defendant's demurrer to the complaint was sustained (*Jennings, J.*) and, upon the plaintiff's refusal to plead further, judgment was rendered for the defendant, from which the plaintiff appealed. *No error.*

*A. Storrs Campbell,* with whom was *Frank M. Mather,* for the appellant (plaintiff).

*Joseph F. Berry,* with whom, on the brief, was *Cyril Coleman,* for the appellee (defendant).

WHEELER, C. J.   The plaintiff, a resident of Connecticut, seeks to recover damages for personal injuries alleged in his complaint to have been caused him through the negligent conduct of the defendant administrator's intestate in the State of New York. The defendant demurred upon the grounds that the action did not survive at common law, and the complaint does not allege that in the State of New York the action survived against the estate of the defendant's intestate.

The action is a common-law action for a tort resulting in personal injuries committed in the State of New York; it is a transitory, not a local action.

" 'A tort committed in one State creates a right of action that may be sued upon in another unless public policy forbids.' "   *Commonwealth Fuel Co.* v. *McNeil,* 103 Conn. 390, 405, 130 Atl. 794; *Loucks* v. *Standard Oil Co.,* 224 N. Y. 99, 106, 120 N. E. 198.

In New York, as it formerly was in Connecticut (*Merwin* v. *Merwin,* 75 Conn. 8, 10, 52 Atl. 614), the common-law rule is in force, and actions to recover for personal injuries abate upon the death of the tortfeasor. New York had no statute of survival or re-

vival, affecting plaintiff's cause of action for negligent injuries, at the time they originated. Connecticut had such a statute, in part as follows: "No cause or right of action shall be lost or destroyed by the death of any person, but sh&ll survive in favor of or against the executor or administrator of such deceased person. No civil action or proceeding shall abate by reason of the death of any party thereto, but may be continued by or against the executor or administrator of such decedent." General Statutes, § 6177.

The purpose of our statute was to prevent the injustice which the enforcement of this rule of abatement entailed. Had the cause of action arisen in our jurisdiction it would, by virtue of the statute, have survived the death of the defendant's intestate, the alleged tort-feasor. Had the plaintiff begun his action here before the death of the intestate, under this statute, after the death of the intestate, it would have been revived. When our court had assumed jurisdiction of a cause of action originating in New York, it was beyond the power of the State of its origin to destroy our jurisdiction of the action. The *locus delicti* determined the existence of the cause of action. The *locus fori* determined the remedy. The place of the injury could not, by legislative or judicial action taken subsequent to our acquiring jurisdiction, take away our jurisdiction over the cause of action which was good when we assumed it, for that would give the place of the injury an extra-territorial right to control litigation here. Neither would the death of the defendant's intestate pending the action have deprived our court of the right, upon proper application, to have revived the action, since our statute gives our court that right.

The decisions upon this point are in very substantial accord, resting upon the reason upon which the

pending action for personal injuries rests. *Baltimore & Ohio R. Co.* v. *Joy,* 173 U. S. 226, 19 Sup. Ct. 387. There is nothing in our public policy which would prevent the maintenance in this State of an action to recover damages under the common law for a tort committed upon one of our residents while in a foreign jurisdiction.

The immediate question which we are called upon to decide is: Can a common-law action to recover damages for personal injuries suffered in New York be maintained in Connecticut against the personal representative of one whose negligence caused the injury, but who died before suit was brought? It must be conceded that the action, by the express terms of the Decedents Estate Law of New York, substantially embodied in the Code of Civil Procedure, §§ 1902-1904, did not survive the death of the defendant's intestate, the alleged tort-feasor. As construed by the Court of Appeals of New York, the only right of action which survives under this statute is one for damages resulting from the death of the person injured to the estate of the beneficiary of the deceased for the wrong done to the property rights or interests of the beneficiary which the representative, as the trustee for the beneficiary, converts into money for his benefit. *Meekin* v. *Brooklyn Heights R. Co.,* 164 N. Y. 145, 58 N. E. 50.

The argument of plaintiff's counsel centers upon their attempt to demonstrate that the question relates to the remedy and not to a substantive right, consequently the law of the forum governs, and whether the action survives is to be determined by that law. If the maintenance of this action depended merely upon the question of remedy, the result claimed must follow and the action survive, since the statute of the forum, Connecticut, so provides. The fallacy of this position is in its assumption that, under the com-

mon law of New York, the right of action for personal injuries was a substantive right existing wherever a like common-law right existed, which, though abated in the place of the wrong, would still exist in a foreign jurisdiction which had a survival statute and had obtained jurisdiction of the parties to the action after the abatement of the action in the State of origin. New York created the right of action for this wrong. The power which gave the right could take it away. When, by its law, the death of the injuring person abated the right of action for this wrong, the right no longer existed in that jurisdiction, nor thereafter in any other jurisdiction.

It could have changed its rule of law that death abated rights of action for personal injuries by enacting a survival statute. It has not done this. It could not create a right of action for a wrong done in a foreign jurisdiction. A survival statute is supreme within the bounds of its own State; beyond these its power of operation is not only ineffective but nonexistent. A statute of revival operates differently. It does not revive a right of action which has ceased in its place of origin; it revives an action for a right which arose in a foreign jurisdiction, but while the right still existed in that jurisdiction the action to secure the right was begun in another forum. The right which the action thus sought to secure became a right in the jurisdiction of the forum as soon as its courts had assumed jurisdiction of it. No State could subsequently, by legislation or rule of law, destroy, control, or affect in slightest degree that right. It then existed by force of the law of the forum.

The authorities, while not numerous upon the precise point raised in this case, are almost uniformly antagonistic to the right of the plaintiff to maintain his action. *Davis* v. *New York & N. E. R. Co.*, 143

Orr *v.* Ahern.

Mass. 301, 304, 9 N. E. 815, arose out of a cause of action for personal injury in Connecticut caused by negligence to a Massachusetts resident, brought in the latter State. At the time of the injury there was no survival statute in Connecticut; in Massachusetts there was. The Supreme Judicial Court held: "The design of our statutes of survivorship is primarily to provide for survival of those actions of tort the causes of which occur in this State. . . . The statute creates a new cause of action. It imposes a new liability, and does not merely remove a bar to a remedy such as is interposed by the statute of limitations. . . . What the new liability shall be, by what conditions it shall be controlled, and whether the original liability shall be destroyed, must be determined by the law of the State where the injury occurs, unless the legislation of other States is to have extra-territorial force, and govern transactions beyond their limits. . . . Our statute, permitting the survival of similar actions in this State, does not therefore apply."

*Needham* v. *Grand Trunk Ry. Co.*, 38 Vt. 294, 308, 309, 310, 311, was an action brought in Vermont for a negligent injury to one of its residents while in New Hampshire. New Hampshire at that time had no statute of survivorship; Vermont had. The Supreme Court of Vermont refused to permit the action. In the course of its most excellent opinion upon this precise point the court said: "A cause of action, which by the rules of the common law is extinguished by the death of the party, is by such death fully discharged, unless the cause of action survives by force of some statute law of the State where the cause of action accrued." In referring to its own statute of survivorship it observed: "But the legislature did not undertake to revive causes of action which were at common law already extinguished by the death of the injured per-

son. . . . Our statutes of survivorship of causes of action do not pertain simply to the remedy. They relate to the right or cause of action as well as to the remedy to enforce it. . . . In applying these principles and authorities to the present case we are brought to the conclusion that, where the injury was inflicted without this State, and the cause of action of the intestate does not survive by the laws of the State or territory where it accrued, our statute of 1847 does not apply; nor does our statute of 1849 apply where the injury which caused the death was inflicted without this State."

Similar rulings were made in *Hyde* v. *Wabash, St. L. & P. Ry. Co.*, 61 Iowa, 441, 16 N. W. 351; *Murray's Admx.* v. *Louisville & N. R. Co.*, 132 Ky. 336, 340, 110 S. W. 334; *O'Reilly* v. *New York & N. E. R. Co.*, 16 R. I. 388, 17 Atl. 171, 906, 19 id. 244; *State* v. *Pittsburgh & C. R. Co.*, 45 Md. 41, 46, 47; *Sanders' Admx.* v. *Louisville & N. R. Co.*, 49 C. C. A. 565, 111 Fed. 708; *St. Louis & S. F. R. Co.* v. *Loughmiller*, 193 Fed. 689, 695-697; 2 Wharton on Conflict of Laws (3d Ed.) § 480a; Goodrich on Conflict of Laws, § 94; 1 Corpus Juris, 180; note to 5 L. R. A. (N. S.) 756.

The only case holding a contrary doctrine, to which we have been directed by counsel, is *Whitten* v. *Bennett*, 77 Fed. 271, *Austin's Admr.* v. *Pittsburg, C., C. & St. L. R. Co.*, 122 Ky. 304, 91 S. W. 742, upon which plaintiff relies, was an action already begun in a foreign jurisdiction and there revived upon the death of the plaintiff through its statute of revival. We have already pointed out the distinction between the survival of a right and the revival of a cause of action begun in a foreign jurisdiction prior to the decease of the injuring person.

The right of action for plaintiff's injuries arose in New York and was extinguished at the death of the

defendant's intestate, since there was no survival stat-ute in existence there. Our own survival statute can-not revive the right of action which arose in New York and had been extinguished, nor can it create a cause of action based upon a wrong occurring in the State of New York. It has no extra-territorial force.

There is no error.

In this opinion the other judges concurred.