Strafford,
Oct. 1, 1940. } No. 3182.

LORENZO D. H. FORD, *Ap't.*

*v.*

CHARLES BAKER FORD ESTATE, *Ap'ee.*

*Thorp & Branch* (*Mr. Branch* orally), for the plaintiff.

*Hughes & Burns*, and *Dwight Hall*, for the defendant.

WOODBURY, J. We are not here concerned with the question of whether an executor or administrator appointed in the regular course is entitled to discharge himself upon his account with the necessary and reasonable expenses of attempting, whether successful or not, to probate his testator's will. The question before us relates solely to the powers and duties of special administrators.

The statute (P. L., c. 299, ss. 20, 21, 22), providing for the appointment and specifying the duties of these officers reads as follows:

"20. APPOINTMENT. Whenever, by reason of an appeal from the probate of a will or the appointment of an administrator, or from any other cause, there is delay in determining the final grant of administration upon the estate of a person deceased, a special administrator may be appointed, if the interests of the estate require it.

"21. HOW MADE. Such appointment may be made by the judge or by the superior court.

"22. DUTIES. The special administrator, under such directions and restrictions as may be inserted in his commission, shall return an inventory of the estate of the deceased, shall take care of and preserve his property and effects, and shall do all other acts which he may be directed by the judge or the superior court to perform."

It is evident from these provisions that a special administrator, unless specifically authorized by the Judge of Probate or the Superior Court, is only a temporary custodian of the estate of the decedent. His duties are only to preserve the estate intact during litigation concerning it and to do such acts as are reasonably appropriate to that end, and, upon the termination of litigation and the appointment of a regular executor or administrator, to turn over to the latter the property and effects of the decedent and to render an account of his stewardship to the court which appointed him. See 21 Am. Jur., Executors and Administrators, s. 804, et seq. Without special authorization, there is nothing in the statute to indicate that it is any part of a special administrator's duties to make distribution of the estate under his charge, and, without such authorization, we are of the opinion that it is no part of his duties to determine who the distributees are to be.

Since there is nothing in the reserved case to indicate that the special administrator ever asked for or received any directions from the court which appointed him to do anything except file an inventory of and care for the property entrusted to him, we are of the opinion that he lacked authority to take any steps to establish the decedent's will. In consequence the items in his account to the allowance of which the appellant objects should be disallowed.

*Case discharged.*

BRANCH, J., did not sit: the others concurred.