H. CLARK RICH *v.* RUTH J. DIXON, TEMPORARY ADMINISTRATRIX (ESTATE OF JEROME L. DIXON)

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued June 3—decided July 13, 1965

*Donald C. Lunt,* for the appellant (plaintiff).

*William L. Hadden, Jr.,* for the appellee (defendant).

HOUSE, J.   This action arises out of an automobile accident on the Massachusetts Turnpike on June 9, 1960.   The plaintiff, riding as a passenger in a car which he owned, was injured, and the defendant's decedent, who was driving the car, was killed, when the car veered off the road into a bridge abutment.   The suit, seeking recovery for the injuries which the plaintiff received, was instituted against the defendant in her capacity as temporary administratrix of the decedent's estate.   The complaint alleged and the parties stipulated that written notice of the claim for damages was given to the defendant, as temporary administratrix, prior to the service of the complaint. It is not alleged, nor does it appear, that letters of administration have been granted on the estate as provided by § 45-195 of the General Statutes.[1]

---

[1] "Sec. 45-195.   TO WHOM GRANTED.   HEARING AND NOTICE REQUIRED.   When any person dies intestate, the court of probate in the district in which the deceased last dwelt shall, before granting

The trial court directed a verdict for the defendant and denied the plaintiff's motion to set aside the verdict. It is from the judgment rendered on the latter motion that this appeal is taken. Practice Book §§ 605, 600; *Felix* v. *Hall-Brooke Sanitarium*, 140 Conn. 496, 498, 101 A.2d 500.

The memorandum of decision on the motion to set aside the verdict indicates that the court directed a verdict because the plaintiff failed to establish negligence on the part of the defendant's decedent and because this action cannot be maintained against a temporary administratrix.

The appointment of a temporary administrator is authorized by General Statutes § 45-197.[2] The

letters of administration, hold a hearing, of which notice, either public or personal or both as the court deems best, has been given to all persons interested in such estate, unless all persons so interested sign and file in court a written waiver of such notice, or unless such court, for cause shown, dispenses with such notice . . . . Such court shall grant administration of the estate to the husband or wife or to the next of kin or to both or, on their refusal, incapacity or failure to give bond or upon the objection of any heir or creditor to such appointment, found reasonable by such court, to any other person whom the court deems proper. . . . The court, upon granting any administration, shall take a probate bond from the administrator."

[2] "Sec. 45-197. APPOINTMENT OF TEMPORARY ADMINISTRATOR OR TRUSTEE OR AN OFFICER TO PRESERVE ASSETS. Whenever, upon the application of a creditor or other person interested in the estate of a deceased person or insolvent debtor, it appears to and is found by the court of probate having jurisdiction of such estate that the granting of administration on such estate or the probating of the will of such deceased or the appointment of a trustee in insolvency will be delayed, or that it is necessary for the protection of the estate of such deceased or insolvent person, such court may, with or without notice, appoint a temporary administrator or trustee to hold and preserve the estate until the appointment of an administrator or trustee or the probating of the will, and shall require from such administrator or trustee a probate bond; or, if such court deems it more expedient, it may order any deputy sheriff or constable to take possession of the estate until the appointment of an administrator, executor or trustee."

powers and duties of a temporary administrator
are set forth in General Statutes § 45-198.[3] We have
not previously had occasion to interpret these two
statutes or determine the limits of the authority
of a temporary administrator in the circumstances
presented by this appeal.

Since the tort which is the subject of the suit is
alleged to have been committed in Massachusetts,
the law of that state created such right as the plain-
tiff may have, but the law of Connecticut where the
suit is brought determines the remedy. *Ormsby* v.
*Chase*, 290 U.S. 387, 388, 54 S. Ct. 211, 78 L. Ed.
378; *Orr* v. *Ahern*, 107 Conn. 174, 176, 139 A. 691;
see *Bohenek* v. *Niedzwiecki*, 142 Conn. 278, 283, 113
A.2d 509. The basic question before us is whether
this plaintiff may bind the estate of the decedent
by notice of a claim to, and suit against, a tempo-

---

[3] "Sec. 45-198. POWERS AND DUTIES OF SUCH TEMPORARY APPOINTEE.
Such administrator or officer may be authorized by such court to
sell any personal property of such estate which is perishable in its
nature or which the court finds cannot be retained to advantage,
and may be further authorized to make up or complete any stock
or materials in an unfinished state, and to continue any business,
so far as may be necessary for the preservation of the same. Such
administrator or officer shall take immediate possession of all the
estate of such deceased, both real and personal, collect the rents,
debts and income thereof and do such further acts necessary
for the preservation of such estate as the court authorizes and
approves. Such administrator or officer shall file forthwith under
oath an inventory of all personal estate of the deceased and, when
ordered to do so, shall exhibit to the court an account of his doings.
Such administrator or officer may be removed by the court with or
without notice and a successor appointed whenever such action
appears to the court advisable. Upon the appointment and qualifi-
cation of the administrator or the administrator with the will an-
nexed or the qualification of the executor, such temporary adminis-
trator or such officer shall exhibit forthwith to the court an account
of his trust and deliver to the administrator, executor or adminis-
trator with the will annexed all of the estate of such deceased
remaining in his hands."

rary administratrix of the tort-feasor's estate appointed pursuant to the authority of General Statutes §§ 45-197 and 45-198, or whether such notice of claim must be given to, and suit brought against, an administrator who has been granted general letters of administration pursuant to § 45-195.

Our general law governing the process of administration of the estates of deceased persons is contained in chapters 786 through 796 of the General Statutes. The statutes included within these chapters provide a logical and definite procedure whereby the property of a decedent is taken into the custody of the law by placing it in the hands of an executor or administrator who, under the control and supervision of the Probate Court, inventories and marshals the assets, receives claims within such period of time as the court may fix, pays the expenses of administration, inheritance taxes and claims and ultimately distributes the remainder to those entitled thereto. 2 Locke & Kohn, Conn. Probate Practice § 261. Consequently, in construing the relevant statutes, we must not only consider them in the light of their history, their language, the purpose they were designed to serve and the circumstances surrounding their enactment but, in determining their purpose and scope, make every part operative and harmonious with every other part so far as is possible. *Feldman* v. *Administrator,* 138 Conn. 724, 727, 89 A.2d 210. "We are called upon to look beyond the literal meaning of the words to the history of the law, its language, considered in all its parts, the mischief the law was designed to remedy, and the policy underlying it. *Giammattei* v. *Egan,* 135 Conn. 666, 668, 68 A.2d 129. We must look, also, to the basic policy as disclosed by pre-existing legislation and the circum-

stances which brought about the enactment of the law under consideration. *Cedar Island Improvement Assn.* v. *Clinton Electric Light & Power Co.,* 142 Conn. 359, 364, 114 A.2d 535." *Lee* v. *Lee,* 145 Conn. 355, 358, 143 A.2d 154.

The language of General Statutes §§ 45-197 and 45-198 is clear and specific. These sections contain restrictions and qualifications implicit in the statutory designation of "temporary administrator" not contained in § 45-195, which concerns the general administration of estates. Unlike the administrator of an estate appointed with general letters of administration pursuant to § 45-195, a temporary administrator may be appointed without notice. He may be appointed only if the Probate Court finds that "the granting of administration on . . . [the estate of a deceased person] or the probating of the will of such deceased . . . will be delayed, or that it is necessary for the protection of the estate of such deceased . . . to hold and preserve the estate until the appointment of an administrator or . . . the probating of the will." Implicit in this language is the concept that the temporary appointee is a mere custodian for the preservation of assets "until the appointment of an administrator." This interpretation is strengthened by the further provision that, if the Probate Court deems it more expedient, it may order any deputy sheriff or constable to take possession of the estate until the appointment of an administrator, executor or trustee.

When an administrator is appointed, legal title to the personal property of the decedent vests in him. *Lynch* v. *Skelly,* 138 Conn. 376, 379, 85 A.2d 251; *Blodgett* v. *Bridgeport City Trust Co.,* 115 Conn. 127, 144, 161 A. 83. A temporary administrator, on the other hand, is only authorized by the statute

to take possession "to hold and preserve the estate."

The temporary appointee is given but limited powers, all consistent with a temporary and emergency authority to protect and preserve the assets of the estate, but not extending beyond that. Thus, he may be authorized by the court to sell personal property perishable in nature, to complete fabrication of goods or materials in an unfinished state, or to continue any business "so far as may be necessary for the preservation of the same." He is authorized to take possession of the estate's assets, collect debts and rents "and do such further acts necessary for the preservation of . . . [the] estate as the court authorizes and approves." Significantly, there is no statutory authority for the temporary appointee to receive or pay claims or perform most of the multitudinous obligations of a general administrator of an estate. His only function is to hold and preserve the assets of the estate in either of the two circumstances set out in the statute and then "[u]pon the appointment and qualification of the administrator" exhibit to the court an account of his trust and "deliver to the administrator, executor or administrator with the will annexed all of the estate of . . . [the] deceased remaining in his hands."

The legislative history of §§ 45-197 and 45-198 confirms a conclusion that the office of temporary administrator is distinct from that of the administrator of an estate to whom letters of administration are granted under § 45-195. It serves a limited purpose in an emergency. The term "temporary administrator" first appears in the 1911 Public Acts when "An Act concerning Temporary Administrators of Estates of Deceased Persons" was enacted. Public Acts 1911, c. 168. This act refers to the tem-

porary appointee as "a special or temporary administrator" and contains all of the provisions presently contained in §§ 45-197 and 45-198 of the General Statutes. The 1911 act was incorporated into the 1918 Revision of the statutes in §§ 4973, 4974 and 4975 with no material change except that the words "special or" were deleted. In the 1930 Revision, these three sections along with § 5026 of the 1918 Revision, which provided for the temporary appointment of "any proper officer" to preserve the assets of the estate of decedents or insolvent debtors pending the granting of administration or appointment of the trustee of the estate of an insolvent debtor, were consolidated into §§ 4906 and 4907. These consolidated statutes are now General Statutes §§ 45-197 and 45-198.

It is significant that, when the General Assembly in 1911 first provided for the office of special or temporary administrator with limited custodial powers, there existed in the 1902 Revision in substantially their present form the statutes for the appointment of administrators (§ 318), the presentation of claims to them (§ 326) and the prohibition against the commencement of any suit against an administrator within the period allowed for the presentation of claims unless the administrator had given notice of disallowance of the claim. § 329. This latter statute is now General Statutes § 45-210 and, as amended by Public Acts 1959, No. 219, excludes from the limited prohibition against suit claims founded on tort provided that on such claims written notice shall be given to "the executor or administrator."

Considering the language of the statutes, the general statutory scheme for the settlement of the estates of deceased persons, the long-established

provisions for the appointment of administrators with the broad powers of administration pertaining to that office as contrasted with the limited powers granted to temporary administrators which are custodial in nature and to be exercised only "until the appointment of an administrator," we conclude that such a temporary appointee is not the representative of the estate against whom an action may be brought to adjudicate a claim which existed against the decedent at the time of his death or to whom, when such claim is founded in tort, notice must be given prior to suit to comply with the provisions of the 1959 amendment to § 45-210.

While similar statutory provisions for temporary appointees in other jurisdictions vary materially in language, our conclusion is in accord with the weight of authority that temporary administrators are not general representatives of the estate but emergency officers with but limited custodial duties and authority to care for and preserve the estate until an executor or general administrator is ascertained or appointed as its proper legal representative. See *Baumgartner* v. *McKinnon,* 10 Ga. App. 219, 222, 73 S.E. 519; *Vaught* v. *Struble,* 65 Idaho 26, 33, 139 P.2d 456; *Szydelko* v. *Smith's Estate,* 259 Mich. 519, 522, 244 N.W. 148; *Larson* v. *Johnson,* 72 Minn. 441, 442, 75 N.W. 699; *Leahy* v. *Mercantile Trust Co.,* 296 Mo. 561, 591, 247 S.W. 396; *Ford* v. *Ford,* 91 N.H. 161, 163, 15 A.2d 866; *Higbee* v. *Schwartz,* 185 Misc. 28, 31, 56 N.Y.S.2d 150; *Tolivar* v. *Lombardo,* 88 S.W.2d 733 (Tex. Civ. App.); *Peterson* v. *Johnson,* 49 Wash. 2d 869, 872, 307 P.2d 564; see also 34 C.J.S., Executors and Administrators, § 1035; 21 Am. Jur., Executors and Administrators, § 804.

A verdict may be directed where the decisive

question is one of law. *Sedita* v. *Steinberg,* 105 Conn. 1, 5, 134 A. 243; *Green* v. *Brown,* 100 Conn. 274, 278, 123 A. 435; *McVeigh* v. *Ripley,* 77 Conn. 136, 142, 58 A. 701; see *H. Wales Lines Co.* v. *Hartford City Gas Light Co.,* 89 Conn. 117, 127, 93 A. 129. Under the circumstances, the court properly directed a verdict for the defendant.

There is no error.

In this opinion the other judges concurred.