[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
This matter is before the court on defendant's motion for summary judgment on the ground that plaintiffs failed to commence the instant action within Connecticut's two year statute of limitations, General Statutes 52-584. CT Page 560
Plaintiffs, Grace and Carla Somohano, have instituted the present action by writ, summons and complaint, made returnable to the Judicial District of Ansonia/Milford at Milford on August 16, 1988. Plaintiffs allege that on or about June 30, 1985, in the area of Fort Myers, Florida, they were passengers in a car operated by defendant, Bobby Somohano, and were caused to suffer injuries and losses as a result of defendant's negligent operation of the car. Both plaintiffs and the defendant are and were at the time of the accident domiciliaries of Connecticut.
On March 21, 1989, defendant filed an answer and special defense asserting that plaintiffs failed to commence their action within the two year statute of limitations set forth under General Statutes 52-584. Plaintiffs filed a reply to defendant's special defense on November 15, 1989. Pursuant to Practice Book 379, defendant filed a motion for summary judgment along with supporting legal memoranda. Plaintiffs filed an opposing legal memorandum, a supplemental brief and two affidavits from co-plaintiff Grace Somohano.
The court is aware of the fact that plaintiffs also filed a cause of action against the defendant in Florida within that state's four year statute of limitations. Subsequent to the initiation of the Florida suit, the defendant in Florida filed a motion to dismiss and/or stay the Florida suit. The Florida court granted a stay pending a resolution of the instant action.
Practice Book 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,578, 573 A.2d 699 (1990). Summary judgment may be granted where the applicable limitations period has lapsed. Burns v. Hartford Hospital, 192 Conn. 451, 460, 472 A.2d 1257 (1984).
Defendant argues that because co-plaintiffs commenced the present action after the two year limitation set forth under General Statutes 52-584 has expired, defendant is entitled to judgment as a matter of law. In the alternative, defendant argues that co-plaintiff Grace Somohano's claim is barred by Florida's doctrine of interspousal immunity.
Plaintiffs urge the court to disregard the traditional rule of applying the procedural law of the forum and follow 142 of the Restatement Second of Conflict of Laws. Plaintiffs contend that under the circumstances of this case, the Restatement has recognized that a forum may entertain a claim which is barred by its own statute of limitations but not by that of some other CT Page 561 state's. In conclusion, plaintiffs argue that Florida's four year statute of limitations should apply in the instant matter because defendant has not been prejudiced in any way by the instant claim and in fact it has benefited by being allowed to defend the action in his home state.
The basic purpose of the statute of limitations is to promote finality in the litigation process. Pintaville v. Valkanos,216 Conn. 412, 417, 581 A.2d 1050 (1990). The traditional choice of law rules distinguish between substantive and procedural law, with the law of the forum, or lex fori, controlling those issues which are construed as governing procedure. Morris Plan Industrial Bank v. Richards, 131 Conn. 671, 673, 42 A.2d 147 (1945); Orr v. Ahearn,107 Conn. 174, 176, 139 A.2d 691 (1928); see also Paine Webber Jackson Curtis, Inc. v. Winters, 22 Conn. App. 640, 650,579 A.2d 545 (1990). It is a well settled principal of law in Connecticut that "[a] statute of limitations is generally considered to be procedural, especially where the statute contains only a limitation as to the time with respect to a right of action and does not itself create the right of action." Champagne v. Raybestos-Manhattan, Inc., 212 Conn. 509, 525, 562 A.2d 1100 (1989) (citations omitted).
General Statutes 52-584 provides that:
 No action to recover damages for injury to the person, or to real or person property, caused by the negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanitarium, shall be brought by within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any action any time before the pleadings in such action are finally closed.
Connecticut General Statutes 52-584 does not create a cause of action, but merely sets forth a limitation as to the time within which an action may be commenced. It is therefore procedural and should be applied by the forum.
In the instant matter, it is undisputed that on or about June 30, 1985, the plaintiffs were involved in an accident which is now the subject of the pending matter. It is also undisputed that the present action was commenced by service of a writ, summons and complaint on June 30, 1988. Thus, plaintiffs' action was commenced after the two year statute of limitations had expired. CT Page 562
Although plaintiffs' argument that the court should adopt the Restatement rules on choice of procedural law is attractive, a close reading fails to permit an interpretation that the supreme court in O'Connor v. O'Connor, 201 Conn. 632 (1986), gave any indication that the present rule is abrogated. In O'Connor, the supreme court held that 145 of the Restatement Second of Conflict of Laws would be used to determine a parties' substantive rights in a tort action when the application of the doctrine of lex loci would produce an arbitrary, irrational result. Id., 650. (Emphasis added).
Accordingly, to avail themselves of the Connecticut forum, the plaintiffs were obliged to institute their action within the two year statute of limitations provision of Connecticut General Statutes 52-584. Having failed to do so, the defendant's motion for summary judgment is granted.
As this determination is dispositive of this motion, the court will not address the defendant's alternative claim that defendant Grace Somohano's claim is barred by Florida's doctrine of interspousal immunity.
THE COURT MAIOCCO, J.