ANGELO GIAMMATTEI *v.* JOHN J. EGAN, ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, JS.

Argued May 4—decided August 2, 1949.

*Harry Silverstone,* assistant attorney general, with whom, on the brief, was *William L. Hadden,* attorney general, for the appellant (defendant).

*James F. Rosen,* with whom, on the brief, was *Nathan Rubin,* for the appellee (plaintiff).

ELLS, J.  The plaintiff filed a claim for unemployment benefits.  He worked for a single employer from March 22, 1948, to June 15, 1948, and earned $52 for the week ending March 27 and a total of $892.12 between that date and June 15, the date of separation from employment.  His wages for the week ending March 27 were paid to him on April 2 by check.  Section 1389i of the 1947 Supplement to the General Statutes (Rev. 1949, § 7507) provided: "An unemployed individual shall be eligible to receive benefits with respect to any week only if it shall have been found that . . . (3) he has been paid wages during the base period of his current benefit year in an amount at least equal to two hundred and forty dollars, including

only wages with respect to which contributions have been paid or are payable, some part of which amount has been paid in at least two different calendar quarters of such base period." The administrator denied the claim for benefits on the ground that all of the wages had been paid in one calendar quarter only. The plaintiff's appeal was sustained by a commissioner, and the present appeal was taken to the Superior Court by the administrator. It was there dismissed, and the administrator appealed to this court.

The Superior Court agreed with the commissioner's conclusion that "paid," as used in the above quotation from the statute, means "payable" and that the plaintiff had wages payable to him in two different calendar quarters and hence was eligible to receive unemployment compensation. In common usage, "paid" does not mean "payable." "Paid" is the past tense of the verb "to pay," and "wages paid" are wages that actually have been paid. "Payable" is an adjective, and "wages payable" are wages that have not yet been paid but may, can or should be paid, that is, wages which are justly due. Webster's New International Dictionary (2d Ed.). In a case of this character, however, we are called upon to look beyond the literal meaning of the words to the history of the law, its language, considered in all its parts, the mischief the law was designed to remedy, and the policy underlying it. *Waterbury Savings Bank* v. *Danaher*, 128 Conn. 78, 81, 20 A. 2d. 455.

In the Unemployment Compensation Act as originally enacted at a special session of the General Assembly in 1936, the basis for the unemployment compensation tax was "wages payable," as it was in the federal Social Security Act (49 Stat. 639, § 901; 42 U. S. C. § 1101 [1940]). An employer subject to the act was required to pay contributions "equal to . . . per

cent of the wages payable by him with respect to employment." General Statutes, Sup. 1937, § 805d (a); Cum. Sup. 1939, § 1336e (a). In August, 1939, Congress amended the federal Unemployment Tax Act and changed the basis for the federal tax from "wages payable" to "wages paid." 53 Stat. 1387, § 608 (amending § 1600, Int. Rev. Code); 26 U. S. C. § 1600. Thereafter, during the 1941 session, the General Assembly similarly amended the Connecticut act so that the employer subject to the act was required to pay contributions "equal to . . . per cent of the wages payable by him with respect to employment in 1938, 1939 and 1940, and equal to . . . per cent of the wages paid by him with respect to employment after 1940." Sup. 1941, § 711f. Unemployment compensation benefits are related to contributions by employers. *Waterbury Savings Bank* v. *Danaher,* supra, 82. Accordingly, the 1941 change in the basis of contributions resulted in two other changes, one in the benefit base and the other in the minimum qualifying wage provisions of the act. So long as contributions were computed on the basis of "wages payable," benefits were likewise computed on the basis of wages payable, that is, "wages earned." Sup. 1937, § 807d (b); Cum. Sup. 1939, § 1338e (e), (f). When the basis of contributions was changed to "wages paid," the benefit base was changed to "wages paid." Sup. 1941, § 716f, last paragraph; § 717f. It would be logical for the General Assembly to provide that, since the payment of contributions is not required until the wages have been paid, the benefit rights to the employee based on such wages should not accrue until the wages have been paid, that is, until the wages have become taxable.

Corresponding changes were made in the minimum qualifying wage provision. Prior to 1941, this provision was expressed in terms of wages payable, that is,

wages earned. Sup. 1937, § 808d (a) (3); Cum. Sup. 1939, § 1339e (a) (3). In 1941 it was changed to require as one of the conditions of benefit eligibility that the employee "has been paid" wages to a certain amount. Sup. 1941, § 718f (a) (3). In 1945 the section was amended to change the amount of qualifying wages from $144 to $240. Sup. 1945, § 964h. In 1947 it was further amended, to prevent any individual from obtaining benefits in two successive benefit years without some intervening employment, by adding the requirement that some part of the qualifying wages must have been paid in at least two different calendar quarters. Sup. 1947, § 1389i. In both amendments the words "has been paid" were retained.

The legislative history of the minimum qualifying wage provision contained in § 7507, Rev. 1949, shows the interdependence of this section with the sections relating to the basis of contributions and the benefit base. The contributions section, the benefit structure and the qualifying wage provision all form one pattern. If that pattern is to be preserved, a change in any one of these three sections requires a corresponding change in each of the other sections. If, then, the provision concerning minimum qualifying wages is to be read as the commissioner held and the Superior Court approved, the word "paid" in the contributions and the benefit sections should also be read as "wages payable" or "wages earned." It cannot be supposed that the General Assembly made the changes hereinbefore indicated unless it intended to change the law. As regards contributions, the construction adopted by the trial court cannot be correct, because in the 1941 act (§ 711f) a distinction is made between the years up to and including 1940, in which contributions are based on "wages payable," and the years subsequent to 1940, in which they are based on "wages paid."

The word "payable" appears in the statute we have quoted (Sup. 1947, § 1389i) in the phrase "with respect to which contributions have been paid or are payable." The use of the word "payable" is clearly explainable. Contributions are payable on or before the last day of the month next following the end of the period of employment for which they are made. Sup. 1945, § 960h (Rev. 1949, § 7497). An employee might therefore have been paid wages during the base period the payment of contributions on which might be made by the employer after the conclusion of the period. The use of the word "payable" in no way derogates from the fact that contributions and benefits are both based on wages actually paid to the employee.

Apparently there are no reported judicial decisions on the question. An administrator's decision, reported in 3 CCH Unemployment Ins. Serv., Fla. ¶ 8103.04, held that a claimant who earned wages in two quarters of his base period but received wages in only one quarter of the period was ineligible for benefits. Another administrator's decision, reported in 6 CCH Unemployment Ins. Serv., Pa. ¶ 8187.40, held that the law does not permit the allocation of wages to the quarter they were earned but restricts it to the quarter they were paid.

The plaintiff relies on an administrative regulation under the Social Security Act; 20 Code Fed. Regs. § 403.801 (Sup. 1947); which states: " 'Wages paid' means wages actually or constructively paid. Wages are constructively paid when they may be drawn upon by the employee at any time although not then actually reduced to possession. In such a case, a constructive payment can be found to have been made only where (1) the wages have been credited or set apart to the employee without any substantial limitation or restriction as to the time or manner of payment or con-

dition upon which payment is to be made and are available to him so that they may be drawn at any time, and their receipt brought within his own control and disposition. . . ." This particular regulation applies only to the administration of old-age and survivors insurance. 20 Code Fed. Regs. § 403.101 (Sup. 1947). There is, however, a similar regulation interpreting § 1600 of the Internal Revenue Code, as amended in August, 1939. 26 Code Fed. Regs. § 403.304 (Cum. Sup.). Without determining how far we should regard that regulation in this interpretation of our statute, we point out that the facts before us do not show that the wages could have been drawn upon by the employee at any time during the week ending March 27, 1948, or that the wages were credited or set apart to the employee at any time during that week without any substantial limitation or restriction as to the time or manner of payment, and were available to him so that they might be drawn at any time. The General Assembly was undoubtedly aware of the fact that most employers are by the statute bound to pay wages only to within eight days of the date of payment or, if an employee voluntarily leaves, on the next regular pay day. Cum. Sup. 1935, § 1606c (Rev. 1949, § 7361); Rev. 1930, § 5206 (Rev. 1949, § 7362).

We conclude that the plaintiff was not eligible for benefits.

There is error, the judgment is set aside and the case is remanded with direction to enter judgment sustaining the appeal.

In this opinion the other judges concurred.