

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

May 17, 1957

Hon. William H. Farmer
Administrator
Texas Employment Commission
Austin, Texas

Dear Mr. Farmer:

Opinion No. WW-133

Re: Benefit eligibility conditions
for receipt of unemployment
compensation by employee under
subsection 4(e) of the Texas
Unemployment Compensation Act,
codified as Article 5221b-2(e),
Vernon's Annotated Civil Statutes.

   You have requested our opinion on subsection 4(e) of the Texas
Unemployment Conpensation Act, codified as Article 5221b-2(e), Vernon's
Civil Statutes, which prescribes as one of the benefit eligibility con-
ditions for the receipt of unemployment compensation that certain amounts
of wages be "received" by the claimant within certain calendar quarters.

   Your letter states the following facts:

   ". . . The claimant has a base period consisting of
the third and fourth quarters of 1955 and the first and
second quarters of 1956. Her employer has submitted wage
reports reflecting that she earned $827.00 in the third
quarter of 1955, $49.50 in the fourth quarter of 1955,
no earnings in the first quarter of 1956 and $123.00 in
the second quarter of 1956. While the $827.00 reported
in the third quarter of 1955 was earned during this period,
the claimant did not pick up one $97.00 check included
in this amount until Saturday, October 1, 1955, although
this check was dated September 30 and was available to
her on that date had she asked for it."

   You ask the following questions:

   "If it is ruled that the claimant received the
$97.00 check available to her and dated September 30,
in the third quarter of 1955, does she meet the require-
ments of the subsection of the Act mentioned?

   "In the event your answer is to the effect that the
$97.00 was received in the third quarter of 1955 and she
therefore received only $49.50 in the fourth quarter of
1955, could the claimant be said to have met the require-
ments of paragraph three of subsection 4(e) of the Act
under the 'de minimis' rule?"

Paragraph three of subsection 4(e) of the Texas Unemployment Compensation Act, is codified as Article 5221b-2(e) (3) of Vernon's Annotated Civil Statutes, as amended, and provides that an unemployed individual shall be eligible to receive benefits with respect to any benefit period only if the Commission finds that he has:

"Within his base period received wages for unemployment by employers in an amount equal to or exceeding Four Hundred Fifty Dollars ($450), provided that he has received wages equal to or in excess of Fifty Dollars ($50) in each of three (3) or more of the quarters in his base period." (Underscoring added)

The history of this legislation reveals that it was enacted in 1936 by the 44th Legislature, Third Called Session. The subsection of the Act with which we are here concerned was amended several times before taking its present form as above set forth. The Acts of 1939, 46th Legislature, p. 437, ch. 2, provided that:

"Sec. 4. An unemployed individual shall be eligible to receive benefits with respect to any benefit period only if the Commission finds that:

". . .

"(d). . . he has within his base period earned wages from employment by employers equal to not less than eight (8) times his benefit amount."
(Underscoring added)

By Acts, 1943, 48th Legislature, p. 585, ch. 343, this subsection was amended by substituting the word "received" for the word "earned". The Legislature by this substitution recognized the difference between "earned" and "received". Since this amendment, the word "received" has continued to be used in this section of the Act.

In Giammattei v. Egan, 68 A. 2d 129, 135 Conn. 666, the Supreme Court of Errors of Connecticut, in construing an Act similar to our Unemployment Compensation Act, stated as follows:

"The plaintiff filed a claim for unemployment benefits. He worked for a single employer from March 22, 1948, to June 15, 1948, and earned $52 for the week ending March 27 and a total of $892.12 between that date and June 15, the date of separation from employment. His wages for the week ending March 27 were paid to him on April 2 by check. Section 13891 of the 1947 Supplement to the General

Statutes, Rev. 1949, § 7507, provided: 'An unemploy-
ed individual shall be eligible to receive benefits
with respect to any week, only if it shall have been
found that * * * (3) he has been paid wages during
the base period of his current benefit year in an
amount at least equal to two hundred and forty
dollars, including only wages with respect to which
contributions have been paid or are payable, some
part of which amount has been paid in at least two
different calendar quarters of such base period.'
The administrator denied the claim for benefits on
the ground that all of the wages had been paid in
one calendar quarter only.

".  .  .

"In common usage, 'paid' does not mean 'payable'.
'Paid' is the past tense of the verb 'to pay', and
'wages paid' are wages that actually have been paid.

".  .  .

"Apparently there are no reported judicial de-
cisions on the question. An administrator's decision,
reported in 3 CCH Unemployment Ins. Serv., Fla. Par.
8103.04, held that a claimant who earned wages in two
quarters of his base period but received wages in only
one quarter of the period was ineligible for benefits.
Another administrator's decision, reported in 6 CCH
Unemployment Ins. Serv., Pa. Par. 8187.40, held that
the law does not permit the allocation of wages to
the quarter they were earned but restricts it to the
quarter they were paid.

".  .  .

"We conclude that the plaintiff was not eligible
for benefits."

In 75 C.J.S., pp. 643-644, it is stated that:

"The word 'received' is ... an ambiguous, rela-
tive term, and its meaning or signification may differ
according to the circumstances and connection in which
it is employed. It has no tenses, and it makes no
distinction of time, and it may or may not relate to
a past occurrence. In its common and approved usage,
'received' means obtained by physical delivery from

another, and the concept that something has been re-
ceived when it is deposited in the mail is an arti-
ficial concept which is not in accordance with the
general and common understanding of the term. ..."

In 36 Words and Phrases, p. 446, it is said that:

"To receive means to get by a transfer as to
receive a gift, to receive a letter, or to receive
money, and involves an actual receipt."

Black's Law Distionary, 4th edition, defines the word "receive"
as: "To take into possession and control; accept custody of."

Our courts have held that words in a statute are to be given
their common meaning. Malloy v. Galveston County, 42 S.W.2d, 163 (Civ.
App.); Dallas County Levee Improvement District No. 6 v. Unknown Heirs of
Harris, 295 S.W.293; State v. Yturria, 204 S.W.315; Railroad Commission of
Texas v. Texas & N.O.R.R.Co., 42 S.W.2d 1091.

It has also been held that words in a statute are to be given
their common meaning, in the absence of a legislative intent to the
contrary. State v. Houston Belt & Terminal Ry. Co., 166 S.W.83.

We find no decision of our courts interpreting the term "wages
received". However, the Legislature in substituting the word "received"
for the word "earned" in the subsection of the Act with which we are here
concerned certainly recognized that the two words were of a different
meaning.

We are of the opinion that the Legislature used the word
"received" in subsection 4(e) of the Texas Unemployment Compensation Act
in its common and generally accepted meaning, and that to meet the require-
ments of said subsection of the Act an employee must have "received" the
wages required for benefit eligibility.

We are further of the opinion that the claimant received in the
fourth quarter the $97.00 check for wages earned in the third quarter, and
thereby received within her base period an amount equal to or exceeding
Four Hundred Fifty Dollars ($450.00), and received wages equal to or in
excess of Fifty Dollars ($50.00) in each of three (3) of the quarters in
her base period. Claimant has therefore met the requirements of paragraph
three of subsection 4(e) of the Act.

Inasmuch as claimant has met the requirements of subsection 4(e)
of the Act as to benefit eligibility, the applicability of the "de minimis"
rule to such subsection is moot.

## SUMMARY

An employee who "picked up" a $97.00 check October 1, 1955, for wages earned in the third quarter of 1955, received the check October 1, 1955, or in the fourth quarter, although the check was dated September 30, 1955, and was available to such employee on that date had she asked for it. The words "received wages" in subsection 4(e) of the Texas Unemployment Compensation Act concerning benefit eligibility mean wages actually "received" by the employee and do not mean wages "earned".

Very truly yours,

WILL WILSON
Attorney General

By F. C. Jack Goodman
F. C. Jack Goodman
Assistant

FCJG:gs

APPROVED:

OPINION COMMITTEE
H. Grady Chandler, Chairman

L. P. Lollar

Grundy Williams

J. L. Smith

REVIEWED FOR THE ATTORNEY GENERAL
BY:
    Geo. P. Blackburn