580 P.2d 1201

**Carmen CASTREGON, Appellant,**

v.

**John L. HUERTA, Director, Arizona Department of Economic Security, Appellee.**

**No. 2 CA–CIV 2447.**

Court of Appeals of Arizona, Division 2.

Oct. 17, 1977.

Rehearing Denied Nov. 18, 1977.

Review Granted Dec. 13, 1977.

Southern Arizona Legal Aid, Inc. by Leslie A. Nixon, Tucson, for appellant.

Bruce E. Babbitt, Atty. Gen. by John S. O'Dowd, Asst. Atty. Gen., Tucson, for appellee.

## OPINION

RICHMOND, Judge.

This is an appeal from an order of the superior court affirming the decision of the director of the Arizona Department of Economic Security (DES) that appellant is liable for certain overpayments she received.

Appellant presently supports herself and her four minor children on a monthly Aid to Families with Dependent Children (AFDC) grant in the amount of $226. She had been a recipient of Aid to the Permanently and Totally Disabled (APTD) when a redetermination of her physical condition in November, 1973, resulted in a change from APTD to General Assistance (GA). DES attempted to notify the Social Security Administration (SSA) that appellant should not receive payments through the federal Supplemental Security Income (SSI) program starting

**348**

in January, 1974. Through administrative error appellant received SSI checks along with her GA checks from January, 1974, through March, 1975, when DES learned of the error and terminated her GA benefits. In February, 1976, appellant was notified that she had been overpaid $656, and was ordered to repay that amount. She appealed from that order and an administrative hearing was held.

There is no indication from the record that appellant knowingly withheld the information that she was receiving two separate benefits. She was unaware of any relationship between the two grants. Her present expenses, including rent, food stamps and utilities, amount to approximately $169 a month. She thus has $57 a month to meet all other expenses. She has no other income or assets. Nevertheless, the director concluded:

> ". . . It was her responsibility to report the SSI income to the Department but she failed to do this. Regardless of why this situation occurred is immaterial. She received the benefit of the additional income and the State must be reimbursed for its loss."

Following the director's decision, the DES Fraud and Recovery Unit determined that appellant should make monthly payments of $10. Appellant brought a special action in the superior court contending that the director had no choice but to waive the repayment, because the "may" in A.R.S. § 46–213(B) must be construed as "shall." A.R.S. § 46–213(B) states:

> "When a recipient is overpaid for whatever reason, the state department with the concurrence of the department of law shall determine the method of securing repayment which is most appropriate to the particular situation. Where there are no assets or resources, or where the overpayment was due to an error on the part of the department, the director *may* waive a repayment by the recipient." [Emphasis added.]

■ The director argued successfully in the trial court that the legislature intended

him to have discretion. We agree, but it also intended that he exercise his discretion under the circumstances of this case, and he clearly failed to do so by concluding that "why this situation occurred is immaterial."

■ Further, it would have been an abuse of discretion not to waive repayment in this instance. Overpayments under an AFDC plan cannot be recouped in the circumstances of this case, 45 C.F.R. § 233.-20(a)(12)(i)(A), and to require repayment would be contrary to the spirit if not the letter of the guidelines provided by federal regulations.

Reversed, and order requiring repayment vacated.

HOWARD, C. J., and HATHAWAY, J., concur.