580 P.2d 1197

Carmen **CASTREGON**, Appellant,

v.

John L. **HUERTA**, Director, Arizona Department of Economic Security, Appellee.

No. 13472–PR.

Supreme Court of Arizona, In Banc.

June 28, 1978.

344

Southern Arizona Legal Aid, Inc. by Leslie A. Nixon, Tucson, for appellant.

Bruce E. Babbitt, former Atty. Gen., John A. LaSota, Jr., Atty. Gen. by John S. O'Dowd, Asst. Atty. Gen., Phoenix, for appellee.

STRUCKMEYER, Vice Chief Justice.

This appeal arises out of an order of the Department of Economic Security requiring repayment to the Department by Carmen Castregon of overpayments which she had received. Appellant brought this special action in the Superior Court of Pima County to compel a waiver of the overpayment by the Department. Her action was dismissed in the Superior Court. The Court of Appeals reversed, 119 Ariz. 347, 580 P.2d 1201 (App.1977). We granted review. Opinion of the Court of Appeals vacated. Judgment of the Superior Court affirmed.

Prior to January, 1974, appellant was a recipient of General Assistance benefits from the Arizona Department of Economic Security. The Department notified the Social Security Administration that appellant was not eligible for Supplemental Security Income, but seemingly the notice was never received and appellant was sent Supplemental Security Income benefits from January, 1974 until April, 1975. In March of 1975, the Department became aware of the Supplemental Security Income payments. In February, 1976, appellant was notified that she owed the State $656.00. Subsequently, after an appeal was filed, a hearing was held at which the Director found that appellant had no assets, was unaware of any relationship between the Supplemental Security Income program and the General Assistance grant of the State, but had not reported the receipt of the Supplemental Security Income. The Director concluded:

"The Appellant did, in fact, receive GA and SSI simultaneously from January 1974 to March 1975. It was her responsibility to report the SSI income to the Department but she failed to do this. Regardless of why this situation occurred is immaterial. She received the benefit of the additional income and the State must be reimbursed for its loss."

By Laws of 1972, Ch. 142, § 74, A.R.S. § 46–213A, it is provided relative to General Assistance benefits:

"A. At all times while a recipient of assistance, a person must report changes in his financial and household circumstances promptly to any local office of the department in order for the department to know whether the grant should be maintained at its existing level, increased, decreased or discontinued. * * "

We think the hearing officer could properly conclude that why appellant was overpaid was immaterial and that her obvious violation of the law in failing to promptly disclose this change in her financial circumstances was material.

Paragraph B of § 46–213 provided:

"B. When a recipient is overpaid for whatever reason, the state department with the concurrence of the department of law shall determine the method of securing repayment which is the most appropriate to the particular situation. Where there are no assets or resources, or where the overpayment was due to an error on the part of the department, the [director] may waive a repayment by the recipient."

The Director of the Department could, in exercising his discretion as to whether repayment should be waived, conclude that the failure to comply with the statute caused the continuation of the unlawful benefits and justified the exercise of his discretion not to waive the repayment.

Appellant, however, argues that the Director has no discretion and must waive the repayment. She relies principally upon *Brooke v. Moore,* 60 Ariz. 551, 142 P.2d 211 (1943). There, this Court quoted with approval from *McLeod v. Scott,* 21 Or. 94, 26 P.2d 1061:

" ' "It is a general principle of statutory construction that, when the word 'may' is used in conferring power upon any officer, court, or tribunal, and the public or a third person has an interest in the exercise of the power, then the exercise of the power becomes imperative, * * *." ' " *Brooke v. Moore,* 60 Ariz. 551 at 554, 142 P.2d 211 at 212 (1943).

Appellant's argument seems to be that since the statute says the Director may waive the overpayments, he must exercise the power to waive favorably to appellant and not simply to decide whether to waive or not waive.

 The rules of construction require that a court should examine the language used in the statute, the context, the subject matter, the effects, the consequences and the spirit and reason of the law. *Isley v. School District No. 2 of Maricopa County,* 81 Ariz. 280, 305 P.2d 432 (1956); *Coggins v. Ely,* 23 Ariz. 155, 202 P. 391 (1921). Whether the word "may" in a statute is interpreted as permissive or mandatory is determined by the use of the ordinary rules of statutory construction. *Frye v. South Phoenix Volunteer Fire Company,* 71 Ariz. 163, 224 P.2d 651 (1950).

 The right of the Director to waive repayment was made contingent on either or both of two conditions; namely, whether a recipient had no assets or resources or whether the overpayment was due to an error of the Department. Had the Legislature wanted the stated conditions to operate as an obligatory waiver, it could have said so in precise language. Conceivably, a recipient's lack of assets or resources might be temporary and the recipient might in the future be able to repay the debt. Justice does not require, for example, that a person who was entitled to receive a payment of $100.00 retain the proceeds of a check issued by error in the sum of $1,000.00. Nor does justice require that a welfare recipient keep a windfall otherwise obtained through a governmental error. We can think of no satisfactory legal reason why it should be supposed that the Legislature used the word "may" instead of "shall" or "must" to require mandatory forgiveness of repayment.

 Words must be interpreted in their ordinary sense unless it appears from context that a different meaning should control. *State v. Raffaele,* 113 Ariz. 259,

550 P.2d 1060 (1976). Nor will courts enlarge on the meaning of simple English words in order to make the legislative language conform to the court's own peculiar sociological and economic views regardless of whether the interpretation seems harsh and uncompassionate. *Padilla v. Industrial Commission,* 113 Ariz. 104, 546 P.2d 1135 (1976).

■ Finally, appellant argues as a reason for waiver in this case that there can be no recoupment of overpayments from funds of recipients of the Aid to Families with Dependent Children program. The Director acknowledges that the administrative determination of General Assistance overpayments cannot affect appellant's aid for dependent children grant "in any possible manner." He admits the correctness of the fact that he stands in no different position than any other of appellant's creditors in attempting to collect overpayments. However, the method of recoupment of the overpayments is not decisive of the question of whether repayment, in fact, must be made.

The judgment of the Superior Court is affirmed.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.