## EMPLOYMENT SECURITY DIVISION OF ARKANSAS
### *v.* Chris HUBBARD

79-209                                    587 S.W. 2d 835

Opinion delivered October 22, 1979
(In Banc)

*Thelma M. Lorenzo,* for appellant.

No brief for appellee.

GEORGE ROSE SMITH, Justice. After the appellee had received unemployment benefits measured by the wages he was actually paid during a base year that ended March 31, 1977, he applied for a redetermination of the amount of benefits. His proof showed that in November, 1977, after the expiration of the base year, his employer paid him $800.55 in back pay for work performed during the last quarter of the base year, his wages having originally been miscalculated under the Davis-Bacon Act. The Appeal Tribunal and the Board of Review refused to redetermine the benefits, holding that the computation must be based upon wages actually paid during the base year rather than upon wages merely payable. The circuit court took the opposite position and reversed the administrative decision. We agree with the Board of Review.

The legislative history of the Employment Security Act leaves no doubt about the correct rule to be followed. The original 1941 statute based the determination of benefits upon wages "earned" by the employee and upon wages "payable" to him during the base period. Act 391 of 1941, § 2(c) and (n). But a 1943 amendment changed both references to wages "paid" to the employee. Act 138 of 1943, §§ 23(c) and 24(n). The word "paid" has been retained ever since in the definition of "wages." Ark. Stat. Ann. § 81-1103(n) (Repl. 1976).

In Connecticut and Maryland, where the statutes were amended in substantially the same way, the courts hold that the issue depends upon the wages actually paid. *Giammattei* v. *Egan*, 135 Conn. 666, 68 A. 2d 129 (1949); *Maryland Dept. of Employment Security* v. *Werner*, 231 Md. 474, 190 A. 2d 786 (1963). In the Maryland case the court explained the reason for the amendments to the statute:

> As a matter of administrative feasibility, if the Department were to credit wages when earned, it would be necessary in every instance where the claimant qualified for less than the maximum amount of benefits to contact his employer to determine from his payroll records when each dollar of wages was actually earned. Needless to say, this would not only delay the payment of benefits,

but it would also impose a great, if not impossible burden on the Department and on every employer.

This was the very reason that impelled the amendments of 1941.

The legislative history of the Arkansas act leads to the same conclusion.

Reversed.