687 P.2d 392

**Christopher F. DESSAUER, Appellant,**

v.

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY, Appellee.**

**No. 1 CA–UB 354.**

Court of Appeals of Arizona,
Division 1, Department C.

May 22, 1984.

Reconsideration Denied June 21, 1984.

Christopher F. Dessauer, in pro. per.

Robert K. Corbin, Atty. Gen. by Frank Sagarino, Asst. Atty. Gen., Phoenix, for appellee.

## OPINION

HAIRE, Judge.

Appellant was employed by the City of Tucson from approximately February 1, 1982, through May 18, 1982. On October 4, 1982, appellant filed a claim for unemployment insurance benefits. Appellant's base year consisted of the third and fourth quarters of 1981 and the first and second quarters of 1982. The only time he was employed during the base period was the first and second quarters of 1982 when employed by the City of Tucson. On October 7, 1982, a wage statement was issued showing the claimant's base period earnings as follows:

| 3rd Quarter 1981: | 4th Quarter 1981: | 1st Quarter 1982: | 2nd Quarter 1982: |
|---|---|---|---|
| –0– | –0– | $520.11 | $1254.60 |

An award of benefits was not made because the wages paid during the total base period did not equal one and one-half times the wages paid during appellant's highest quarter, as required by A.R.S. § 23–771. On October 20, 1982, appellant filed a protest. On November 12, 1982, a revised wage statement was issued showing an increase of $54.65 in the appellant's wages for the second quarter of 1982. The revised wage statement was still insufficient to meet the statutory requirements for benefits. Appellant pursued an administrative appeal from the determination at the hearing. He alleged that $234 paid to him on April 8th for services rendered in the first quarter of 1982 should be reflected in the first quarter of 1982 when the wages were earned, rather than in the second quarter of 1982 when the wages were paid. The appeal tribunal concluded that since appellant was paid the $234 in the second quar-

ter of 1982, the wages were correctly reflected in the second quarter. The appeal tribunal affirmed the award. Thereafter, appellant appealed to this court.

The main issue on appeal is whether the $234 in wages paid to appellant on April 8, 1982 should have been included in the first quarter of 1982. If the $234 were included in the first quarter, appellant would have been eligible for benefits. The resolution of this issue depends on an interpretation of the terms "paid wages" and "wages paid" in A.R.S. § 23–771 which reads in part:

"A. An unemployed individual shall be eligible to receive benefits with respect to any week only if the department finds that the individual:

\* \* \* \* \* \*

"6. Has been *paid wages* for insured work during the individual's base period equal to at least one and one-half times the *wages paid* to the individual in the calendar quarter of the individual's base period in which such wages were highest, and the individual has been *paid wages* for insured work in one calendar quarter of the individual's base period equal to at least one thousand dollars. For the purposes of this paragraph, wages shall be counted as 'wages for insured work' for benefit purposes with respect to any benefit year only if such benefit year begins subsequent to the date on which the employing unit by which such wages were paid has become an employer subject to this chapter."

Appellant contends that an individual is "paid" wages within the meaning of the statute when he earns the wages, and that since he earned the $234 in the first quarter of 1982 these earnings should be reflected in his first quarter wages.

 In determining the meaning of a statute, the cardinal rule is to give effect to the intent of the legislature. *State ex rel.*

*Flournoy v. Mangum,* 113 Ariz. 151, 548 P.2d 1148 (1976); *Phoenix Title & Trust Co. v. Burns,* 96 Ariz. 332, 395 P.2d 532 (1964). Words of a statute are to be given their ordinary meaning unless it appears from the context that a different meaning was intended. *McIntyre v. Mohave County,* 127 Ariz. 317, 620 P.2d 696 (1980); *Castregon v. Huerta,* 119 Ariz. 343, 580 P.2d 1197 (1978).

 The word "paid" is defined as the "past of pay." Webster's Seventh New Collegiate Dictionary 605 (1970). Pay is defined as "the act or fact of paying or being paid." *Webster's, supra* at 619. There is nothing in the statute which would support an interpretation that the calculation of wages for benefit entitlement was to be based upon wages "earned" during a calendar quarter as opposed to wages "paid" during such quarter. We therefore hold that the employee is "paid wages" when the employer actually pays the wages, regardless of when the wages might have been earned.

The regulations promulgated by the Department of Economic Security are in accord with this conclusion. A.C.R.R. R6–3–1705.A. defines "wages paid" as including:

"both *wages actually received by the worker and wages constructively paid.* Wages are constructively paid when they are credited to the account of or set apart for an employee so that they may be drawn upon by him at any time although not then actually received. To constitute payment in such case the wages must be credited or set apart to the employee without any substantial limitation or restriction as to the time or manner of payment or condition upon which payment is to be made, and must be made available to him so that they may be drawn at any time, and their payment brought within his own control and disposition."[1]

---

**1.** In this case there was no evidence that the wages could have been drawn by the employee at any time during the week ending April 3,

1982 (the end of the first quarter), and thus there was no evidence that the claimant was constructively paid the $234 in the first quarter.

Other jurisdictions with comparable statutes have similarly determined that "paid" means paid and not "earned." *See Grams v. Industrial Commission,* 38 Colo.App. 357, 556 P.2d 1234 (1976); *Dickson v. Unemployment Compensation Bd. of Review,* 205 Pa.Super. 468, 211 A.2d 51 (1965); *Maryland Department of Employment Sec. v. Werner,* 231 Md. 474, 190 A.2d 786 (1963); *Chapple v. Corsi,* 276 App.Div. 791, 92 N.Y.S.2d 741 (1949); *Giammattei v. Egan,* 135 Conn. 666, 68 A.2d 129 (1949).

Additionally we note that our legislature in the predecessor to A.R.S. § 23–771, § 56–1004 of the Arizona Code Annotated, 1939, originally based the minimum qualifying wage requirement on an individual's "earned wages." However, in 1947, the wording in § 56–1004, Arizona Code Annotated, was changed from "earned wages" to "paid wages." This change clearly demonstrates that the legislature intended to change the basis for the calculation of benefit entitlement from a wages "earned" standard to a wages "paid" standard.

Appellant's argument based on the Arizona DES Form UB–106–Continued Claim is not persuasive. The form contains the question "Did you perform work or earn money" during the week. Appellant contends that this language indicates an intent that the word "paid" as used in A.R.S. § 23–771 means earned or collectible. We see no correlation between this question and the language of A.R.S. § 23–771(A)(6) relating to the calculation of wages paid during the base period. The purpose behind the form is to determine whether the claimant has worked during the week for which he is claiming benefits. The questionnaire does not relate in any way to the determination of whether a claimant has met the requirements for wages paid during the base period.

The award is affirmed.

CONTRERAS, P.J., and GREER, J., concur.