Frank **SCOTTO** and Joseph F. **Mangan,** as Trustees of the Local 807 Labor-Management Health Fund, Plaintiffs-Appellees,

v.

**BRINK'S, INCORPORATED,** Defendant–Appellant.

No. 804, Docket 91–7878.

United States Court of Appeals, Second Circuit.

Argued Jan. 31, 1992.

Decided April 27, 1992.

**226**

Jeffrey W. Pagano, New York City (Bickel & Brewer, of counsel), for defendant-appellant.

J. Warren Mangan, Long Island City (O'Connor & Mangan, of counsel), for plaintiffs-appellees.

VAN GRAAFEILAND, Circuit Judge:

Brink's, Incorporated appeals from a judgment of the United States District Court for the Eastern District of New York which followed a nonjury trial before Judge Sifton. The judgment, which after computing stipulated damages and interest will approximate $200,000, represents alleged delinquent contributions to the Trustees of the Local 807 Labor–Management Health Fund (the "Fund"). The district court's Memorandum Decision and Order is reported at 751 F.Supp. 335 (E.D.N.Y. 1991), and familiarity with it is assumed. The issue before us is whether Brink's was obligated to make contributions based on

hours of vacation and sick time earned during the term of a collective bargaining agreement but not taken until after its expiration. It is basically one of contract interpretation. Unlike the district court, we hold that the clear and unambiguous contract terms at issue did not require Brink's to make the payments for which the district court held it liable. Accordingly, we reverse.

Two contracts are involved. The first is the AGREEMENT AND DECLARATION OF TRUST, LOCAL 807 LABOR-MANAGEMENT HEALTH FUND. This agreement provides in part that Brink's "shall make prompt contributions of payments to the Fund in such amount and under the terms as are provided for in the applicable written agreements in effect from time to time between [Brink's] or [its] bargaining representative and the Union." The term "written agreement" is defined in pertinent part as "any document executed by and now or hereinafter in effect between any Employer and the Union, and any extension and renewals thereof, requiring any Employer to make contributions to the Fund." The written agreement in this case is the 1983 collective bargaining agreement between Brink's and Local 807 which commenced on March 21, 1983, and terminated on March 18, 1984.

The collective bargaining agreement provided in substance that vacation benefits should be computed on the basis of service performed during the preceding calendar year and that sickness benefits should be carried over from the preceding year. However, Brink's' obligation to contribute to the Fund was covered by a different provision:

Effective as of April 1, 1983, the EMPLOYER shall contribute to the Local 807 Labor Management Health Fund ... the amount of one dollar and fourteen cents ($1.14) per straight time hour for all hours *paid to* regular full-time and extra employees subject to a maximum of forty (40) hours per week, to provide the benefits prescribed by the Trustees of the Health Fund (emphasis supplied).

The district court construed the words "paid to" as if they meant "earned by" and held Brink's liable for contributions based on benefits "earned" during the time the collective bargaining agreement was "in effect." 751 F.Supp. at 341–42. In so doing, the district court misconstrued the plain and commonly accepted meaning of the word "paid." The following decisions are illustrative:

*Dessauer v. Arizona Dep't of Economic Security*, 141 Ariz. 384, 386, 687 P.2d 392 (Ariz.Ct.App.1984)

> The word "paid" is defined as the "past of pay." Webster's Seventh New Collegiate Dictionary 605 (1970). Pay is defined as "the act or fact of paying or being paid." *Webster's, supra* at 619. There is nothing in the statute which would support an interpretation that the calculation of wages for benefit entitlement was to be based upon wages "earned" during a calendar quarter as opposed to wages "paid" during such quarter. We therefore hold that the employee is "paid wages" when the employer actually pays the wages, regardless of when the wages might have been earned.

*Jaime v. District of Columbia Dep't of Employment Serv.*, 486 A.2d 692, 693 (D.C.1985)

> "Paid" is the past tense of pay. If the legislature intended to include wages that were earned, but not necessarily paid or payable, it would have used the term "wages earned." If it had meant to include wages that were payable, regardless of whether they were paid, it would have used the term "earnings payable."

*Zubritsky v. Unemployment Compensation Bd. of Review*, 202 Pa.Super. 347, 195 A.2d 854, 855 (Pa.Super.1963)

> Wages earned but not paid are not taxable.

*Grams v. Industrial Comm'n*, 38 Colo. App. 357, 556 P.2d 1234, 1235 (Colo.Ct. App.1976)

> Claimant ... contends that for formula purposes the amount of wages for that quarter should be those earned rather than paid. By that interpretation, she

would be eligible for benefits. However, since § 8–73–102(1), C.R.S. 1973, refers to "wages paid," the Commission had no choice but to follow the plain wording of the statute.

*Giammattei v. Egan*, 135 Conn. 666, 668, 68 A.2d 129 (1949)

> In common usage, "paid" does not mean "payable." "Paid" is the past tense of the verb "to pay," and "wages paid" are wages that actually have been paid.

*P.G. Lake, Inc. v. Comm'r*, 148 F.2d 898, 900 (5th Cir.), *cert. denied*, 326 U.S. 372, 66 S.Ct. 41, 90 L.Ed. 436 (1945)

> The ordinary and usual meaning of "paid" is to liquidate a liability in cash.

In *Don E. Williams Co. v. Comm'r*, 429 U.S. 569, 97 S.Ct. 850, 51 L.Ed.2d 48 (1977), the Court was called upon to interpret § 404(a) of the Internal Revenue Code, 26 U.S.C. § 404(a), which provides that " '[i]f contributions are *paid* by an employer to ... a ... profit-sharing ... plan,' the contributions, subject to a specified limitation in amount, shall be deductible '[i]n the taxable year when *paid* ' (emphasis supplied)." *Don E. Williams Co.*, 429 U.S. at 574, 97 S.Ct. at 854. The Court pointed to the fact that other provisions in the Code dealing with taxpayers operating under an "accrual method" used the words "paid or accrued" or "paid or incurred" while § 404(a) used only the word "paid." The Court concluded:

> The usual alternative words, "or accrued" or "or incurred," are missing, and their absence indicates congressional intent to permit deductions for profit-sharing plan contributions only to the extent they are actually paid and not merely accrued or incurred during the year.

*Id.; see Consumers Power Co. v. United States*, 427 F.2d 78, 80 (6th Cir.), *cert. denied*, 400 U.S. 925, 91 S.Ct. 186, 27 L.Ed.2d 185 (1970). See also *Levine v. Ribicoff*, 201 F.Supp. 692, 693–94 (S.D.N.Y. 1962), dealing in much the same manner with § 213(a) of the Social Security Act, 42 U.S.C. § 413(a), which defines "quarter of coverage" as a "quarter in which an individual has been paid $50 or more in wages...." There the court said that "[t]he mere crediting of wages to an em-

228

ployee's account on the employer's books obviously did not constitute an actual payment of wages." *Id.* at 694.

It is undisputed that Brink's contributed to the Fund during the term of the collective bargaining agreement in accordance with the "paid to" provision of the agreement. Brink's' Payroll Supervisor testified that she made monthly contributions to the Fund based on straight-line calculations from the previous month, which included non-work leave payments such as sick pay and vacation pay received by eligible employees pursuant to the agreement. This procedure complied with the provision in Article XXI(d) of the collective bargaining agreement to the effect that accumulated vacation pay should be "paid" to the employee "in addition to his regular vacation pay during the following vacation season," and also with special instructions in the Fund's reporting form itself that sick days and vacation days "for which wages were paid" were to be included in the monthly report.

In sum, we hold, in accordance with the plain terms of the two contracts and the uncontroverted practice of the parties thereunder, that Brink's was not obligated to make any contributions to the Fund after its collective bargaining agreement terminated. The judgment of the district court is reversed, and the district court is directed to dismiss the complaint.