8 F.3d 25
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ALASKA TEAMSTERS-EMPLOYER SERVICE CORPORATION, on its own
behalf and as Administrator for the Alaska Teamster-Employer
Pension Trust, Alaska Teamster-Employer Health and Welfare
Trust, Alaska Teamster-Employer Prepaid Legal Trust, and
Alaska Teamster-Employer Training Trust, Plaintiff-Appellee,
v.
KODIAK OILFIELD HAULERS, INC., Defendant-Appellant.
 No. 92-36663.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 5, 1993.
Decided Oct. 7, 1993.
 
 Before: SCHROEDER, FLETCHER, and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This litigation arises out of a special arrangement between the defendant-appellant Kodiak Oilfield Haulers and the plaintiff-appellee Alaska Teamsters-Employer Service Corporation, for the payment of Kodiak's contributions for sick leave credits earned by its employees under a collective bargaining agreement. The collective bargaining agreement was in effect between 1982 and 1985. Under the terms of the collective bargaining agreement, applicable to Kodiak and other contractors signatory to the agreement, and known as the North Slope Agreement, sick leave benefits were earned, or accrued, by employees based upon the amount of time that they worked.[1] Also under the collective bargaining agreement, the employers were to contribute specified amounts to the Teamster Employer Health and Welfare Plan for each hour of compensation earned by the employees.[2]
 
 
 3
 According to the district court's findings after a bench trial, the 1982-85 written collective bargaining agreement required Kodiak to pay its contributions for benefits on the tenth day of the month following the month in which the compensation was earned. However, it was the practice of Kodiak, and accepted by ATESC, that payments of contributions for sick leave would be made when the sick leave benefits were paid to the employee, and not when the rights to the benefits accrued.
 
 
 4
 After the expiration of the 1982-85 agreement, the parties bargained to impasse on the terms of a new agreement. Kodiak then implemented its last and final offer. As part of that offer, Kodiak took the position that it was not responsible for any contributions for sick leave benefits paid after the expiration of the agreement, even though the employee receiving the benefits had worked the hours necessary to earn the benefits prior to the expiration of the agreement, and Kodiak had made no contribution for them. After expiration of the agreement, Kodiak refused to pay contributions on accrued benefits.
 
 
 5
 ATESC then filed this action seeking to recover the benefits, and after trial the district court entered judgment in its favor in the amount of $362,478.69.
 
 
 6
 In this appeal, Kodiak asserts as a threshold matter that the district court lacked jurisdiction over this action. Kodiak characterizes this action as an unfair labor practices claim involving questions of Kodiak's duty to bargain. It asserts that primary jurisdiction lies in the NLRB. See 29 U.S.C. § 160; San Diego Bldg. Trades Council v. Garmon, 359 U.S. 236, 244-45 (1959). Because the parties had bargained to impasse, however, there is no issue here concerning Kodiak's duty to bargain that would bring the subject matter within the jurisdiction of the NLRB. Rather, the claim is a straight claim for violation of the collective bargaining agreement's requirements for payment of contributions to the trusts for employer benefits. The district court had jurisdiction pursuant to sections 502(a) and 515 of the Employees Income Retirement Security Act, 29 U.S.C. §§ 1132(e)(1), 1145, and section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.
 
 
 7
 Appellant next contends that the collective bargaining agreement itself provided that the appellant had no obligation to pay any contributions for sick leave taken after the expiration of the agreement. The appellee correctly points out, however, that the contributions sought in this litigation are for benefits earned during the course of the collective bargaining agreement and that the appellant's obligation to pay contributions for those benefits accrued during the course of the collective bargaining agreement. Accordingly, the district court properly found that the appellant's obligation to pay contributions for those hours earned became vested during the term of the agreement and survived the expiration of the agreement. Cf. Scotto v. Brink's, Inc., 962 F.2d 225, 226-27 (2d Cir.1992) (holding that where agreement obligated employer to make contributions on benefits paid, not earned, obligation to make contributions on benefits earned or accrued during agreement did not survive expiration of agreement). The parties' agreement that Kodiak's payments to the trust fund would be made when the sick leave was taken, not when wages were paid, did not affect the obligation to make contributions on accrued credits.
 
 
 8
 Appellant finally contends that regardless of the proper interpretation of the agreement that expired in 1985, it was entitled after impasse to perform in accordance with its last and final offer that, in effect, repudiated any obligation to pay for sick leave benefits earned under the old agreement. The difficulty with this contention is that although a unilateral last and final offer can establish the terms of a new agreement, it does not affect obligations that arose under the preceding agreement. Thus the appellant's reliance upon United Paperworkers Int'l Union v. International Paper Co., 920 F.2d 852, 855-59 (11th Cir.1991), is wholly misplaced because the employer in that case was seeking to determine the terms of a new agreement, and not to repudiate its obligations under the old one.
 
 
 9
 Both parties spend a great deal of time discussing the relevance of past bargaining history. We believe the district court, after hearing the evidence of both sides, entered fully supported findings that the previous history favored the appellee's interpretation of the contract.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The agreement provided in pertinent part:
 Effective July 1, 1982, employees' sick leave credits shall accrue as follows:
 a. From date of hire the employee shall accrue one-half ( 1/2) of a day (4 hours) per month.
 b. From the inception of the third (3rd) year of employment the employee shall accrue four-fifths ( 4/5) of a day (6.7 hours) per month.
 c. From the inception of the tenth (10th) year of employment the employee shall accrue one (1) day (8 hours) per month.
 
 
 [2]
 The agreement provided in pertinent part:
 The Employer shall contribute two dollars and forty-four cents ($2.44) for each hour of compensation earned by each employee during a given month to the Alaska Teamster-Employer Health and Welfare Trust Fund, for the purpose of providing a health and welfare plan for the employees.
 Effective July 1, 1983, the Employer shall contribute two dollars and fifty-nine cents ($2.59) per compensable hour.
 Effective July 1, 1984, the Employer shall contribute two dollars and seventy-four cents ($2.74) per compensable hour.